■ JOHN A. SWENSEN, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Kenneth Shorter, J.), entered May 28, 1986, which granted petitioner's motion to renew and reargue and, upon reargument, adhered to its prior decision, modified, on the law and the facts and in the exercise of discretion, the motion for leave to file a late notice of claim is granted, and, as so modified, otherwise affirmed, without costs.

Appeal from the order of the same court, entered December 17, 1985, is dismissed as superseded by the appeal from the foregoing order.

On January 10, 1985, at about 8:40 A.M., an alarm sounded at Engine Company 47 of the New York City Fire Department, to which petitioner was assigned as a firefighter. Petitioner took up his post and was in the process of clearing a path for the fire engine to leave the firehouse by stopping traffic along West 113th Street when the fire engine struck him. He was taken to St. Luke's Hospital, where he was treated by Medical Officers of the Fire Department for a fractured left leg, and ligament and nerve damage. Later that day, the officer in charge of petitioner's company filed a "Report of Injury to Member Fire Department, City of New York", wherein he described it as follows: "Fr. Swensen slipped on a coat hanger which was lying on the the street causing him to slide under the front right wheel of apparatus, while apparatus was pulling out of quarters in response to box 1341." Petitioner signed the portion of the report which attested to the accuracy of the description of his injuries. He was on sick leave for the better portion of the next three to four months. Petitioner ultimately underwent surgery for his injuries.

Approximately 10 months after the incident, by order to show cause dated October 31, 1985, plaintiff sought leave to file a late notice of claim against New York City pursuant to General Municipal Law § 50-e. In his supporting affidavit, petitioner averred that he had, since his hospitalization, been under the care of the Medical Staff of the Fire Department, and until a short time before, had been informed that he would not suffer any permanent injury. Upon recently being advised that his injuries were serious and permanent, were likely to require further surgery, and could render him unfit to continue his career, he had consulted counsel. Petitioner annexed a copy of the line-of-duty injury report as an exhibit to his moving papers.

We conclude that it was an improvident exercise of discretion for Special Term to deny petitioner's motion. General Municipal Law § 50-e (5) expressly directs the courts to consider "in particular, whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim" within the 90-day filing period or a reasonable time thereafter. The contemporaneously prepared line-of-duty report furnished the city and the Fire Department with actual knowledge of the essential facts constituting petiioner's claim. (Matter of Lucas v City of New York, 91 AD2d 637 [2d Dept 1982]; Matter of Somma v City of New York, 81 AD2d 889 [2d Dept 1981]; see, Matter of Beary v City of Rye, 44 NY2d 398, 413 [1978]; but see, Bullard v City of New York, 118 AD2d 447 [1st Dept 1986, Kassal, J., concurring].) Since the accident report and the proposed notice of claim mirror one another in all central respects, the report afforded sufficient notice to the city of petitioner's claim.

Consideration of the other relevant factors, the need for a prompt investigatory opportunity and the excuse for the delay, warrants the relief requested. (Matter of Cicio v City of New York, 98 AD2d 38, 39 [2d Dept 1983].) " 'The only legitimate purpose served by the notice' is prompt investigation and preservation of evidence of the facts and circumstances out of which claims arise (21st Annual Report of NY Judicial Conference, 1976, p 302; Adkins v City of New York, 43 NY2d 346, 350 * * *)". (Matter of Beary v City of Rye, supra, at p 412.) The city fails to demonstrate that substantial prejudice will inhere if petitioner is permitted to file a late notice. The impact of the seven-month delay is substantially lessened by the line-of-duty accident report and the records of the Medical Office of the Fire Department. Together, these

documents constitute a record of the information vital to any investigation of petitioner's claim.

In our view, petitioner's explanation that he did not seek legal advice until after the statutory filing period had expired, when he was informed that his prognosis for recovery had worsened, is reasonable. His reluctance to sue for minor injuries is understandable since he was under treatment by the Medical Office of the Fire Department. Even if we were to agree with Special Term's conclusion that petitioner's excuse is inadequate, it would not mandate a different result in the circumstances. Section 50-e was amended in 1976 to empower the courts " 'to apply [its] provisions in a more flexible manner to do substantial justice.' " *(Heiman v City of New York,* 85 AD2d 25, 27 [1982], quoting NY Judicial Conference, Twenty-first Annual Report, at 288 [1976].) Substantial justice in the present case favors granting petitioner's motion in the exercise of the court's discretion. Concur—Kupferman, J. P., Sullivan, Rosenberger, Ellerin and Wallach, JJ.