■ In the Matter of GABRIEL LOPEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [639 NYS2d 389]

The question of whether to grant an application for leave to serve a late notice of claim is left to the sound discretion of the

court (*Matter of Jenkins v New York City Hous. Auth.*, 181 AD2d 506). Here, that discretion was not improvidently exercised, where petitioner's excuse for filing the notice of claim six and a half months after the accident, that he did not ascertain the severity of his injury until three months after his accident, is reasonable (*Swensen v City of New York*, 126 AD2d 499, 501, *lv denied* 70 NY2d 602). Similarly, the underlying facts of the claim become known to respondent shortly after the expiration of the 90-day statutory time period and, even if the condition which petitioner alleges caused the accident—the lack of handrails on a staircase—has changed, it is likely that respondent made the change and/or kept a record of it. We have considered respondent's other claims and find them to be without merit. Concur—Murphy, P. J., Rubin, Ross and Tom, JJ.