■ PATRICIA LOMAX, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [690 NYS2d 548] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered April 7, 1998, granting defendant's motion to dismiss and denying plaintiff's cross-motion to amend her Notice of Claim and her summons and complaint *nunc pro tunc*, unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs, defendant's motion denied, plaintiff's cross-motion granted, and the complaint reinstated.

Plaintiff claims that her foot infection was improperly treated at North Central Bronx Hospital from January 28 to January 31, 1995, and that as a result she was readmitted on February 13, 1995 and suffered amputation of part of her right foot. She also claims that the amputation was done without her prior consent.

On or about April 6, 1995, plaintiff served a Notice of Claim upon defendant New York City Health and Hospitals Corpora-

tion (NYCHHC) which asserted that on January 28 and February 13, 1995, she was admitted to *Bronx Municipal Hospital*, and that the staff failed to treat her condition properly, resulting in "[a]mputations of portions of right foot, [o]perations and surgical procedures, [p]ain and suffering, [e]motional distress". Plaintiff's designation of the wrong hospital was apparently an inadvertent error due to the similarity of their names. Both hospitals are run by NYCHHC, which has access to their patient records.

A hearing pursuant to General Municipal Law § 50-h was held on June 29, 1995, at which plaintiff was extensively cross-examined regarding the nature and specifics of her claim. She clarified that the hospital in question was North Central Bronx, not Bronx Municipal.

Plaintiff then served a verified complaint which again incorrectly identified the hospital as Bronx Municipal, but gave the correct dates of treatment and the type of injury. Defendant's answer did not raise the defense that the Notice of Claim was improper. After being served with the answer, plaintiff served a bill of particulars on defendant on or about July 23, 1996. The bill of particulars named the right hospital.

Along with the bill of particulars, plaintiff's counsel served defense counsel with a proposed stipulation permitting plaintiff to amend the Notice of Claim to reflect that she was treated at North Central Bronx Hospital. The defense refused to sign the stipulation, and on August 15, 1997, moved to dismiss the complaint on the ground that the Notice of Claim was improper. Defendant argued that since the 90-day period following the accrual of the claim had passed (General Municipal Law § 50-e [1] [a]), plaintiff's attempt to alter the Notice of Claim should be considered an attempt to add a new claim, for which plaintiff would require permission to file a late Notice of Claim. However, defendant asserted, permission should be denied because plaintiff did not apply to file a late Notice of Claim within one year and 90 days from accrual of the claim (*Pierson v City of New York*, 56 NY2d 950, 955).

On December 12, 1997, plaintiff cross-moved to amend the Notice of Claim and the verified complaint to correct the name of the hospital. Plaintiff relied on General Municipal Law § 50-e (6), which provides that at any stage of the proceedings, the court has discretion to correct a good-faith error in the Notice of Claim, as long as the other party was not prejudiced thereby. She argued that defendant had notice of the correct location from the section 50-h hearing, and that since defendant operates both hospitals, it could readily have uncovered the rele-

vant information while the facts were still fresh, simply by looking up her patient records. Nonetheless, the motion court erroneously denied her cross-motion and granted defendant's motion to dismiss the complaint.

The purpose of a Notice of Claim is to allow the municipal defendant to make a prompt investigation of the facts and preserve the relevant evidence (*Matter of Beary v City of Rye*, 44 NY2d 398, 412). The applicable statute should be applied flexibly so as to balance two countervailing interests: on the one hand, protecting municipal defendants from stale or frivolous claims, and on the other hand, ensuring that a meritorious case is not dismissed for a ministerial error (*Matter of Quiroz v City of New York*, 154 AD2d 315, 316). "General Municipal Law § 50-e was not meant as a sword to cut down honest claims, but merely as a shield to protect municipalities against spurious ones" (*DeLeonibus v Scognamillo*, 183 AD2d 697, 698).

Thus, if the defendant had timely access to the necessary information by other means, the complaint should not be dismissed merely because the facts in the Notice of Claim were partially deficient (*Lord v New York City Hous. Auth.*, 184 AD2d 406, 407-408). For instance, in *Dillard v City of New York* (67 AD2d 878), the Notice of Claim alleged that plaintiff was injured when a sign fell on her from 505 Lenox Avenue, but at the section 50-h hearing that was conducted within three months thereafter, it was ascertained that the correct address was 503 Lenox Avenue. We permitted plaintiff to amend her complaint to reflect the right address 16 months after the accident (*Dillard v City of New York, supra*, at 879). Similarly, in *Seise v City of New York* (212 AD2d 467), the Notice of Claim misidentified the street corner where the allegedly malfunctioning traffic light was located, but once the correct location was identified at a section 50-h hearing (held 53 days after the 90-day Notice of Claim period expired), plaintiff was allowed to serve an amended notice of claim pursuant to General Municipal Law § 50-e (6). We noted that since the City presumably kept records regarding the condition and maintenance of traffic lights, it could easily have ascertained which street corner had the defective light (*Seise v City of New York, supra*, at 469). In *Rodriguez v New York City Hous. Auth.* (179 AD2d 560, 561), four months after the accident, plaintiff was allowed to amend the Notice of Claim to change the location from New York County to Bronx County, where the defendant "surely must have known" the proper county based on the street address named in the Notice of Claim.

The same result should obtain in the instant case. Defen-

dant was not prejudiced because it was timely apprised of the relevant facts at the section 50-h hearing. Moreover, since the records of both hospitals are in defendant's possession and control, defendant could simply look for plaintiff's file and definitively ascertain which hospital treated her foot on the dates in question. Once the section 50-h hearing alerted defendant to the problem, the defective Notice of Claim could not have impeded its investigation (*Seise v City of New York, supra,* at 468-469).

As General Municipal Law § 50-e (6) clearly gives courts the power to allow corrections in such cases, there was no need to treat the correction as a new claim for which plaintiff needed permission to file a late Notice of Claim. The motion court's reliance on *De La Cruz v City of New York* (221 AD2d 168) is misplaced. The IAS Court's memorandum decision in *De La Cruz*, which we affirmed, reveals that neither the original Notice of Claim nor the summons and complaint gave the dates of the alleged malpractice, and the section 50-h hearing was held nearly a year after the defective Notice of Claim was served. The plaintiff's claims were generally contradictory and confusing as to the hospitals in question. The Notice of Claim alleged that the person who attacked plaintiff was a patient at Bellevue, but the complaint stated that he was a patient at Bellevue and at the Morrisania Neighborhood Family Center. Later, the bill of particulars asserted that he was treated at North Central Bronx Hospital. The IAS Court's decision indicates that there were also allegations that he was a patient at Bronx Psychiatric Center. Therefore, there was more likelihood that a lack of timely and consistent information might prejudice the defendant, such that naming new hospitals 10 years after the accrual of the claim amounted to an attempt to add a new claim.

Here, by contrast, plaintiff has always clearly presented the nature of her claim, the dates of treatment, and the sequence of events. The case at bar is far more analogous to cases where an otherwise correct and complete Notice of Claim did not properly identify the location of the incident, but the missing details were supplied soon thereafter (*Kaminsky v City of New York,* 238 AD2d 380; *Matter of Santarpia v City of New York,* 231 AD2d 726, 727; *Ortiz v New York City Hous. Auth.,* 214 AD2d 491, 492; *Mayer v DuPont Assocs.,* 80 AD2d 799, 800). Concur—Ellerin, P. J., Rosenberger, Wallach and Saxe, JJ.