■ In the Matter of MARY McMILLAN, Individually and as Parent and Natural Guardian of LATAVIA McMILLAN, an Infant, Respondent, v CITY OF NEW YORK et al., Appellants. [718 NYS2d 819] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 1, 1999, which, insofar as appealed from, granted petitioner infant's application to serve a late notice of claim alleging respondents' malpractice in rendering prenatal care to her mother and neonatal care to herself, unanimously affirmed, without costs.

The infant, who claims that her brain damage, cerebral palsy and spastic quadriplegia were caused by respondents' malpractice, should not be penalized for the two-year delay of her mother in seeking legal counsel and the ensuing five-year delay caused by counsel's law-office failure, where respondents have been in possession of her medical records since the time of the alleged malpractice, and, accordingly, have not been prejudiced by the delay (*see, Spaulding v New York City Health & Hosps. Corp.*, 210 AD2d 128, citing *Matter of Williams v Bronx Mun. Hosp. Ctr.*, 205 AD2d 420, 421; *Cruz v City of New York*, 200 AD2d 407, 408; *see also, Matter of Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671). Respondents' claim of prejudice by reason of two of the doctors accused of malpractice having left their employ is unconvincing absent a showing that the doctors are actually unavailable. Concur—Sullivan, P. J., Williams, Tom, Saxe and Friedman, JJ.