■ NATALIA UZCHA et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [732 NYS2d 399] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about September 27, 2000, which granted plaintiff's motion for leave to serve an amended notice of claim and amended complaint alleging that defendants began treating her on or about March 23, 1994, as well as a late notice of medical malpractice action, unanimously modified, on the law and the facts, to grant plaintiff leave to serve an amended notice of claim and amended complaint alleging that defendants began treating her on March 25, 1996, and otherwise affirmed, without costs.

Although plaintiff first visited defendant hospital on March 23, 1994 with gastric symptoms that may have been attributable to her colon cancer, she did not return until March 25, 1996, following which she consistently complained of and was continuously treated for abdominal and rectal symptoms. In view of this two-year gap in treatment, we find that continuous treatment began with plaintiff's second visit (*see, Nykorchuck v Henriques*, 78 NY2d 255, 258-259), and modify accordingly. The proposed amendment limits, but does not substantively alter, plaintiff's claim that defendants negligently failed to diagnose and treat her cancer (*compare, Olivera v City of New York*, 270 AD2d 5), and does not prejudice defendants, whose records presumably reflect plaintiff's course of treatment and the facts relevant to her claim (*see, Lomax v New York City Health & Hosps. Corp.*, 262 AD2d 2, 5). An affidavit of merit was not necessary to plaintiff's motion for leave to serve a late notice of medical malpractice action (*Tewari v Tsoutsouras*, 75 NY2d 1, 12). Concur—Williams, J. P., Andrias, Wallach, Lerner and Saxe, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. MARTIN BARRY TALLAN, Admitted on August 22, 1988, at a Term of the Appellate Division, First Department. [735 NYS2d 747] —Respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Ellerin and Saxe, JJ. [*See* 257 AD2d 127.]