■ BRIAN HARDISON, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [783 NYS2d 280]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 18, 2003, which, in an action for medical malpractice, inter alia, granted plaintiff's motion to serve a late notice of claim on defendant New York City Health and Hospitals Corporation, unanimously affirmed, without costs.

There is no question that plaintiff was continuously treated by defendant from January 31, 2001, when he was discharged from defendant's hospital after the eye surgery he had there, at least until September 4, 2001, during which time he returned for eight follow-up visits every few weeks (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]), as evidenced by Medicaid and defendant's own billing records. Plaintiff served his notice of claim on July 22, 2002, within a year and 90 days after September 4, 2001, and therefore within the limitations period that leave to serve a late notice of claim could be granted (*see id.* at 295-296; General Municipal Law § 50-e [5]; McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act (L 1969, ch 1016, § 1, as amended) § 20 (2)]). Such leave was properly granted since defendant, which has been in possession of plaintiff's medical records since before the alleged malpractice, fails to show prejudice attributable to the delay (*see Matter of McMillan v City of New York*, 279 AD2d 280 [2001]; *Uzcha v New York City Health & Hosps. Corp.*, 288 AD2d 48 [2001]). Concur—Buckley, P.J., Mazzarelli, Andrias, Williams and Sweeny, JJ.