■ PAUL ALONZO GREENE, JR., an Infant, by His Mother and Natural Guardian, ERICA MIDDLETON, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [826 NYS2d 38]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 21, 2005, which, inter alia, granted plaintiff's motion for an order deeming the late notice of claim to be timely filed, nunc pro tunc, unanimously affirmed, without costs.

Although the delay in filing the notice of claim was only adequately explained in part, the absence of a wholly satisfactory excuse is not fatal in view of the circumstance that defendant public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and sustained no prejudice attributable to the delay (see Caminero v New York City Health & Hosps. Corp. [Bronx Mun. Hosp. Ctr.], 21 AD3d 330, 332-333 [2005]). Moreover, the infant plaintiff should not be penalized for delay caused by counsel's law office failure where defendant has been in possession of plaintiff's medical records since the time of the alleged malpractice (see Matter of McMillan v City of New York, 279 AD2d 280 [2001]). Indeed, it is undisputed that defendant has at all times been in possession of plaintiff's medical records, including the April 5, 1999 sonogram at issue. According to plaintiff's experts, who based their findings of medical malpractice upon a review of that sonogram, the sonogram was incomplete and the failure to order a follow-up sonogram constituted malpractice, particularly since the visible portion of the sonogram showed that the infant plaintiff's left kidney was dilated. Under the circumstances, defendant's possession of the medical records sufficiently constituted actual notice of the pertinent facts, and the claim that the delay in filing was prejudicial because two doctors involved in the infant plaintiff's treatment have left the hospital's employ is unconvincing absent a showing that the doctors are actually unavailable (see Moody v New York City Health & Hosps. Corp. [Renaissance Health Care Network], 29 AD3d 395 [2006]; Matter of McMillan, supra). Concur—Mazzarelli, J.P., Andrias, Friedman, Gonzalez and Catterson, JJ.