■ Ansumana Bayo et al., Respondents, v Burnside Mews Associates, Defendant, and Kay Talya Gubbay, M.D., et al., Appellants. [846 NYS2d 57]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered December 27, 2005, which granted plaintiffs' motion for an order deeming the notice of claim timely served upon defendants-appellants, and denied appellants' cross motion to dismiss the complaint for failure to file a timely notice of claim, unanimously affirmed, without costs.

The court providently exercised its discretion in deeming the notice of claim timely served upon appellants (General Municipal Law § 50-e [5]). Although the stated ignorance of the law by infant plaintiff's mother is not a reasonable excuse for the failure to have served a timely notice of claim (*see Harris v City of New York*, 297 AD2d 473 [2002], *lv denied* 99 NY2d 503 [2002]), infant plaintiff should not be deprived of a remedy, where, as here, the record evidence demonstrates that appellants' possession of the medical records sufficiently constituted actual notice of the pertinent facts, and that they would not be substantially prejudiced by the delay (*see De La Cruz v New York City Health & Hosps. Corp.*, 13 AD3d 130 [2004]). Plaintiffs submitted affirmations from a physician establishing that the medical records, on their face, evinced that appellants failed to provide infant plaintiff with preventive care against lead poisoning (*compare Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]), and appellants' argument that the delay would prejudice them in defending the action because of the inability to reconstruct events and conversations is unconvincing (*Moody v New York City Health & Hosps. Corp. [Renaissance Health Care*

*Network]*, 29 AD3d 395 [2006]; *Matter of McMillan v City of New York*, 279 AD2d 280 [2001]). Concur—Lippman, P.J., Nardelli, Buckley, Gonzalez and Sweeny, JJ.