■ ANGEL TALAVERA, an Infant, by His Mother and Natural Guardian, JEANETTE RIOS, Respondent, et al., Plaintiff, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Doing Business as LINCOLN MEDICAL AND MENTAL HEALTH CENTER, Appellant. [851 NYS2d 189]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered December 16, 2005, which granted the infant plaintiff's motion for leave to serve a late notice of claim, implicitly denying defendant's cross motion to dismiss the complaint for failure to serve a timely notice of claim, and order, same court and Justice, entered February 28, 2007, which granted defendant's motion to renew its cross motion and, upon renewal, denied defendant's cross motion, unanimously affirmed, without costs.

The record evidence demonstrates that defendant's possession of the medical records constituted actual notice of the pertinent facts and that defendant would not be substantially prejudiced by plaintiffs' delay in serving the notice of claim (*see Bayo v Burnside Mews Assoc.*, 45 AD3d 495 [2007]; *De La Cruz*

*v New York City Health & Hosps. Corp.*, 13 AD3d 130 [2004]). Plaintiffs submitted affirmations from a physician establishing that the medical records, on their face, evince that defendant failed to provide proper care to plaintiffs (*compare Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]), and defendant's argument that the delay would prejudice it in defending the action because of an inability to reconstruct events and conversations is unconvincing (*see Matter of Banegas-Nobles v New York City Health & Hosps. Corp.*, 184 AD2d 379, 380 [1992]). Concur—Lippman, P.J., Tom, Buckley and Gonzalez, JJ.