KEILA LISANDRO, an Infant, by Her Mother and Natural Guardian, LEILA LISANDRO, et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (METROPOLITAN HOSPITAL CENTER) et al., Appellants. [855 NYS2d 74]—

Order, Supreme Court, New York County (Charles J. Tejada, J.), entered October 7, 2005, which, insofar as appealed from as limited by the briefs, granted infant plaintiff's motion to file a late notice of claim, unanimously affirmed, without costs.

The court exercised its discretion in a provident manner in allowing the infant plaintiff to file a late notice of claim (General Municipal Law § 50-e [5]). The lack of a causative nexus between the delay and plaintiff's infancy is not fatal by itself (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538 [2006]). Here, the record establishes that defendant hospital's possession of the available medical records constituted actual notice of the pertinent facts, and plaintiff submitted affirmations from physicians establishing that the available medical records, on their face, evinced that defendants failed to provide the infant plaintiff with proper care (*see Bayo v Burnside Mews Assoc.*, 45 AD3d 495 [2007]). Furthermore, defendants' claim that the delay would be prejudicial because of the inability to locate witnesses was insufficient (*see Moody v New York City Health & Hosps. Corp. [Renaissance Health Care Network]*, 29 AD3d 395 [2006]).

At this juncture, we need not consider the implications of defendant hospital's destruction or loss of a portion of the pertinent medical records. Concur—Lippman, P.J., Tom, Buckley and Moskowitz, JJ.