■ JAVIER PEREZ, an Infant, by His Mother and Natural Guardian, GABRIELLA TORRES, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [915 NYS2d 562]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered February 11, 2009, which, in this medical malpractice action, denied plaintiff's motion to deem his previously-served notice of claim timely, or, in the alternative, for leave to file a new notice of claim, and granted defendant's cross motion to dismiss the complaint, unanimously reversed, on the law and in the exercise of discretion, without costs, the motion granted, the notice of claim deemed timely served, the cross motion denied and the complaint reinstated.

In determining whether a notice of claim should be deemed timely served under General Municipal Law § 50-e (5), a court should consider, inter alia, whether the municipality acquired actual knowledge of the facts underlying the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant is an infant, whether there exists a reasonable excuse for the failure to serve the notice timely and whether the delay in serving the notice would substantially prejudice the municipality in its defense (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Dubowy v City of New York*, 305 AD2d 320, 321 [2003]). The presence or absence of any one factor is not determinative (*Dubowy*, 305 AD2d at 321), and since the notice statute is remedial in nature, it should be liberally construed (*Pearson v New York City Health & Hosps. Corp. [Harlem Hosp. Ctr.]*, 43 AD3d 92, 94 [2007], *affd* 10 NY3d 852 [2008]).

Here, the motion court improvidently exercised its discretion in denying plaintiff's motion. Contrary to defendant's contention, the hospital records provided "actual knowledge of the facts—as opposed to the legal theory—underlying the [malpractice] claim" (*Williams*, 6 NY3d at 537). Plaintiff submitted affirmations from two physicians establishing that the records, on their face, evinced defendant's failure to provide the infant's mother with proper prenatal and labor care (*see Lisandro v New York City Health & Hosps. Corp. [Metropolitan Hosp. Ctr.]*, 50 AD3d 304 [2008], *lv denied* 10 NY3d 715 [2008]; *Talavera v New York City Health & Hosps. Corp.*, 48 AD3d 276, 277 [2008]).

In particular, the experts focused on the staff's failure to properly diagnose and take appropriate measures in the face of obvious signs of lack of fetal growth, which they allege "inflicted . . . injury on [the infant]" (*Williams*, 6 NY3d at 537).

In response, defendant did not submit any expert affirmations to challenge the conclusions of plaintiff's medical experts. Instead, defendant relied solely on the opinions of its attorney, a nonmedical professional, who drew her own conclusions from the records. Since the medical issues presented here are not within the ordinary knowledge and experience of a layperson, an expert affidavit was necessary to refute the opinions of plaintiff's experts (*see e.g. Mosberg v Elahi*, 80 NY2d 941, 942 [1992]; *Fiore v Galang*, 64 NY2d 999, 1001 [1985]).

Defendant's claim that it was substantially prejudiced because the resident obstetrician who delivered the baby is no longer in its employ is insufficient, since there is no assertion or showing that the obstetrician was actually unavailable (*see Caminero v New York City Health & Hosps. Corp. [Bronx Mun. Hosp. Ctr.]*, 21 AD3d 330, 333 [2005]). Nor did defendant assert that her testimony would be material. Moreover, it was undisputed that both the attending obstetrician and the nurse midwife were available. The absence of a reasonable excuse for the delay is not, standing alone, fatal to the application (*see id.* at 332), particularly in light of the lack of prejudice to defendant. Nor does the lack of a causative nexus between infancy and the delay warrant denial of the motion (*see Lisandro*, 50 AD3d at 304).

We have considered defendant's remaining contentions and find them unavailing. Concur—Saxe, J.P., Acosta, Freedman, Richter and Abdus-Salaam, JJ.