■ SHAMARIE YOUNG et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant, et al., Defendant. [934 NYS2d 310]—

The motion court providently exercised its discretion in granting the motion (General Municipal Law § 50-e [5]). Defendant's possession of medical records, including a sonogram stating that the infant plaintiff's mother had severely low amniotic fluid and that intrauterine growth restriction to the fetal plaintiff should be ruled out, established actual notice of the essential facts constituting the claim within the statutory 90-day period (see Greene v New York City Health & Hosps. Corp., 35 AD3d 206, 207 [2006]). Defendant's claim that the memories of its employees are no longer at their "most fresh" does not evidence substantial prejudice attributable to the delay (see Bayo v Burnside Mews Assoc., 45 AD3d 495 [2007]). Under the circumstances, the absence of a reasonable excuse for the delay is not fatal (see Greene, 35 AD3d at 207; Matter of Dubowy v City of New York, 305 AD2d 320, 321 [2003]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, Acosta, DeGrasse and Abdus-Salaam, JJ.