■ KRISTIAN CLASE, an Infant, by Her Mother and Natural Guardian ARISELDA LOPEZ, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (NORTH CENTRAL BRONX HOSPITAL) et al., Respondents. [938 NYS2d 519]—

Supreme Court properly considered the relevant statutory factors (*see* General Municipal Law § 50-e [5]) and providently exercised its discretion in denying plaintiff's motion. Plaintiff's infancy did weigh in his favor (*see Lisandro v New York City Health & Hosps. Corp. [Metropolitan Hosp. Ctr.]*, 50 AD3d 304 [2008], *lv denied* 10 NY3d 715 [2008]), but denial was warranted under the totality of the factors.

Plaintiff's reliance upon the medical records to show that defendants "acquired actual knowledge of the essential facts constituting the claim within [90 days from when the claim accrued] or within a reasonable time thereafter" is unavailing (General Municipal Law § 50-e [5]). The records do not, on their face, give any indication of the infant's brain injuries nor malpractice on defendants' part causing the same (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Perez v New York City Health & Hosps. Corp.*, 81 AD3d 448 [2011]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, DeGrasse and Richter, Abdus-Salaam JJ.