■ ELIJAH BOWSER, an Infant by his Mother and Natural Guardian, LATONIA ALMEYDA, Respondent, v NEW YORK HEALTH AND HOSPITALS CORPORATION, Doing Business as JACOBI MEDICAL CENTER, Appellant, et al., Defendants. [942 NYS2d 44]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered August 17, 2010, which, insofar as appealed from as limited by the briefs, in this action alleging medical malpractice, granted plaintiffs' motion to deem the previously served notice of claim to be timely filed nunc pro tunc, unanimously affirmed, without costs.

The court providently exercised its discretion in deeming the notice of claim timely (General Municipal Law § 50-e [5]). Although ignorance of the law by infant plaintiff's mother is not a reasonable excuse for the failure to have served a timely notice of claim (see Rodriguez v New York City Health & Hosps. Corp. [Jacobi Med. Ctr.], 78 AD3d 538 [2010], lv denied 17 NY3d 718 [2011]; Harris v City of New York, 297 AD2d 473 [2002], lv denied 99 NY2d 503 [2002]), infant plaintiff should not be deprived of a remedy under the circumstances presented.

The record shows that defendant's possession of the medical records sufficiently constituted actual notice of the pertinent facts. Plaintiffs submitted an affirmation from a physician stating that the medical records, on their face, evinced that defendant failed to properly diagnose the infant plaintiff's meningitis, leading to brain injury (compare Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]). Moreover, defendant's possession of the relevant medical records belies its contention that it would be substantially prejudiced by the delay (see Matter of McMillan v City of New York, 279 AD2d 280 [2001]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.