In a proceeding pursuant to General Municipal Law § 50-e (6) for leave to amend a notice of claim, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), entered June 8, 2012, as denied that branch of his petition which was for leave to amend the notice of claim with respect to the cause of action alleging wrongful death.
Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the petition which was for leave to amend the notice of claim with respect to the cause of action alleging wrongful death is granted.
The petitioner’s decedent, Rongshang Xu (hereinafter the decedent), was severely beaten on November 10, 2010. He was taken first to Queens Center Hospital and soon thereafter transferred to Elmhurst Hospital for surgery, which took place the same day. The decedent died at Elmhurst Hospital a few days later. The petitioner alleged that the respondents’ employees either did not begin the surgery soon enough or did not perform the surgery correctly. In either event, all of the acts and omissions alleged to have been negligent took place on November 10, 2010. The petitioner’s original notice of claim did not mention Elmhurst Hospital, but the petitioner timely sought leave to amend the notice of claim to, inter alia, add allegations regarding the treatment at Elmhurst Hospital. The Supreme Court denied the relief sought by the petitioner.
All of the conduct alleged to have been negligent took place at the two named hospitals on the same day. Moreover, the respondents’ records noted the decedent’s transfer from Queens Center Hospital to Elmhurst Hospital and detailed all of the treatment rendered that day. The respondents could not have been prejudiced by the proposed amendment of the notice of claim and, under the circumstances, there was no need to treat that amendment as the assertion of a new claim (see General Municipal Law § 50-e [6]; Uzcha v New York City Health & *889 Hosps. Corp., 288 AD2d 48, 48 [2001]; Lomax v New York City Health & Hosps. Corp., 262 AD2d 2, 4-5 [1999]). Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the petition which was for leave to amend the notice of claim with respect to the cause of action alleging wrongful death (see Lomax v New York City Health & Hosps. Corp., 262 AD2d at 2).
The respondents’ remaining contentions are without merit. Balkin, J.P., Hall, Lott and Miller, JJ., concur.