■ BRIAN FLORES-VASQUEZ et al., Respondents, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION (JACOBI MEDICAL CENTER), Appellant. [977 NYS2d 246]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered April 10, 2012, which granted plaintiffs' motion for leave to file a late notice of claim to the extent of granting infant plaintiff leave to file a new notice of claim within 30 days of entry of the order, unanimously affirmed, without costs.

In determining if leave should be granted, the court must consider "whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense" (*Matter of Dubowy v City of New York*, 305 AD2d 320, 321 [1st Dept 2003]). Here, the motion court exercised its discretion in a provident manner in granting plaintiffs' motion (*id.*).

The record shows that infant plaintiff was born at defendant hospital in June 2004 and that plaintiffs' allegations of medical malpractice are based on the hospital's treatment of plaintiff mother and the child both before and after delivery. Plaintiffs did not serve a notice of claim on defendant until September 2006 and did not move to deem the notice timely or for leave to file a late notice of claim until June 2010.

Although plaintiffs failed to proffer a reasonable excuse for the delay, "the lack of a reasonable excuse is not, standing by itself, sufficient to deny an application for leave to serve and file a late notice of claim" (*Matter of Ansong v City of New York*, 308 AD2d 333, 334 [1st Dept 2003]). Plaintiffs submitted expert affidavits showing that defendant had actual knowledge of the facts underlying their theory of a departure from the accepted standard of pediatric care with regard to the diagnosis and treatment of the child's fetal distress and the existence of a causally related injury, and their opinions are not refuted by defendant's pediatric defense expert (*see Alvarez v New York City Health & Hosps. Corp. [North Cent. Bronx Hosp.]*, 101 AD3d 464 [1st Dept 2012]; *Perez v New York City Health & Hosps. Corp.*, 81 AD3d 448 [1st Dept 2011]). Moreover, defendant is not substantially prejudiced by the delay as infant plaintiff's injury was apparent at his birth and documented in the medical records, which have been in the hospital's possession since the time of the alleged malpractice (*see Bayo v Burnside Mews Assoc.*, 45 AD3d 495 [1st Dept 2007]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Freedman and Clark, JJ.