In the Matter of Kellel B., an Infant, by his Mother and Natural Guardian, Lomina D., Respondent, v New York City Health & Hospitals Corporation, Appellant. [997 NYS2d 50]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered January 8, 2013, which granted claimant-respondent's motion for leave to file a late notice of claim pursuant to General Municipal Law § 50-e, unanimously affirmed, without costs.

When determining whether leave to file a late notice of claim should be granted, the court must consider "whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense" (*Matter of Dubowy v City of New York*, 305 AD2d 320, 321 [1st Dept 2003]). Here, the motion court providently exercised its discretion in granting claimant's motion (*id.*).

Contrary to respondent's contention, the mother's assertion that she waited to file a notice of claim because she did not know until several months after the child was born that he was injured is a reasonable excuse for the delay in moving to file a late notice of claim (*see Matter of Lopez v New York City Hous. Auth.*, 225 AD2d 492, 492-493 [1st Dept 1996]; *Swensen v City of New York*, 126 AD2d 499, 500-501 [1st Dept 1987], *lv denied* 70 NY2d 602 [1987]). Moreover, respondent's experts have not disputed the assertion made by claimant's experts that periventricular leukomalacia (PVL), the injury alleged here, does not generally manifest itself until the infant fails to meet his developmental milestones, which in this case was approximately six months after the injury was inflicted, and that a layperson, such as the child's mother, would be unable to tell that he was injured (*see e.g. Matter of Minkowicz v City of New York*, 100 AD3d 1000, 1000 [2d Dept 2012]).

Claimant has demonstrated that respondent acquired actual knowledge of the facts surrounding the instant claim within 90 days or a reasonable time thereafter, because the expert affidavits of Dr. Richman and Dr. Singh establish that the records, on their face, evinced respondent's failure to provide the mother with proper labor and delivery care (*see Perez v New York City Health & Hosps. Corp.*, 81 AD3d 448, 448 [1st Dept 2011]; *Young v New York City Health & Hosps. Corp.*, 90 AD3d 517 [1st Dept 2011]). In particular, Dr. Richman avers in her expert affidavit that an internal monitor would not have been inserted during

active labor to monitor the fetus unless there were ominous signs of fetal distress. This is supported by respondent's expert, Dr. Prince, who avers that "an internal fetal monitor was placed," but offers no opinion as to why respondent's employees would have done so in the absence of fetal distress (*see Alvarez v New York City Health & Hosps. Corp. [North Cent. Bronx Hosp.]*, 101 AD3d 464, 464 [1st Dept 2012]).

Respondent will not be unduly prejudiced by being compelled to defend this case, because it had actual notice of the underlying facts of the infant plaintiff's claim within a reasonable time after his birth, and the hospital has been in possession of the records since the alleged malpractice. Moreover, the medical records indicate that respondent's employees were aware that the child had PVL on March 13, 2008, three months and six days after the 90-day limitation had expired, when they performed neurological testing, and it is undisputed that respondent's employees treated him for that condition approximately three years after his birth (*see Matter of Corvera v Nassau County Health Care Corp.*, 38 AD3d 775, 776 [2d Dept 2007]). Lastly, respondent's contention that it is prejudiced because the attending ob/gyn and the certified nurse midwife responsible for the labor and delivery of the child are unavailable since they are no longer employed by the hospital is unavailing, because respondent does not assert that in the course of its investigation it had attempted to contact them and was unsuccessful (*see Matter of Speed v A. Holly Patterson Extended Care Facility*, 10 AD3d 400, 402 [2d Dept 2004]). Concur—Friedman, J.P., Acosta, Saxe, Manzanet-Daniels and Gische, JJ.