STEPHANY HOSKING, Appellant, v CITY OF NEW YORK et al., Respondents. [30 NYS3d 861]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered April 30, 2014, which denied plaintiff's motion to deem her previously served notice of claim timely, nunc pro tunc, or for leave to file a late notice of claim, unanimously reversed, on the law and the facts, without costs, and the motion granted to the extent of deeming the previously served notice of claim timely.

The court improvidently exercised its discretion in denying plaintiff's motion. There is no dispute that the motion for leave

was timely made and the lack of a reasonable excuse for the delay or a causative nexus between the delay and plaintiff's infancy is not fatal (*see Matter of Thomas v City of New York*, 118 AD3d 537 [1st Dept 2014]; *Lisandro v New York City Health & Hosps. Corp. [Metropolitan Hosp. Ctr.]*, 50 AD3d 304 [1st Dept 2008], *lv denied* 10 NY3d 715 [2008]).

The record shows that defendants received actual knowledge of the essential facts constituting the negligent supervision claim within the 90-day statutory period or within a reasonable time thereafter because the February 10, 2004 Occurrence Report was created within five days of the incident, and plaintiff testified at a General Municipal Law § 50-h hearing that she and her mother spoke with the principal of the school about the incident on February 9, 2004 (*see Alvarez v New York City Health & Hosps. Corp. [North Cent. Bronx Hosp.]*, 101 AD3d 464 [1st Dept 2012]; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776 [2d Dept 2010]; *Matter of Allende v City of New York*, 69 AD3d 931 [2d Dept 2010]).

Furthermore, defendants failed to establish that they would be substantially prejudiced if plaintiff's motion was granted. Defendants have not demonstrated that any necessary witness is unavailable or that they are unable to obtain information from any investigation conducted by the City of New York (*see Matter of Kellel B. v New York City Health & Hosps. Corp.*, 122 AD3d 495, 497 [1st Dept 2014]; *Gibbs v City of New York*, 22 AD3d 717, 719-720 [2d Dept 2005]). Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Gesmer, JJ. ▮