Matter of Heredia v New York City Health & Hosps. Corp. (2018 NY Slip Op 02279)





Matter of Heredia v New York City Health & Hosps. Corp.


2018 NY Slip Op 02279


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Kahn, Kern, JJ.


6166N 21857/14

[*1] In re Rosa Gertrudis Diaz Heredia, etc., Petitioner-Respondent,
v
New York City Health & Hospitals Corporation, Respondent-Appellant.


Zachary W. Carter, Corporation Counsel, New York (Diana Lawless of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered April 12, 2016, which granted petitioners' application for leave to file a late notice of claim, unanimously affirmed, without costs.
The court providently exercised its discretion in granting the application for leave to file a late notice of claim (General Municipal Law § 50-e [5]). Petitioner, who is now claimant's guardian ad litem, set forth a reasonable excuse for the failure to serve a timely notice of claim, since claimant was in a coma and, when she awoke, had severe brain injury stemming from the alleged malpractice provided at respondent HHC's facility, Jacobi Medical Center (see Matter of Hubbard v County of Madison, 71 AD3d 1313, 1315 [3rd Dept 2010]).
Petitioner also submitted the affirmation of a physician who opined that Jacobi had actual knowledge of the pertinent facts constituting the claimed malpractice, through its medical records (see Bowser v New York Health & Hosps. Corp., 93 AD3d 608 [1st Dept 2012]). However, in opposition, HHC submitted the affirmation of a physician who opined that the records did not demonstrate malpractice at all, and argued that "mere assertions that a different course of treatment could have been followed do not address whether HHC had actual knowledge of the essential facts necessary to properly defend itself in the underlying action" (Wally G. v New York City Health & Hosps. Corp [Metro. Hosp.], 27 NY3d 672, 677 [2016]). Regardless of whether HHC had actual notice of the claim within 90 days of its accrual, its
possession of the relevant medical records belies HHC's contention that it would be substantially prejudiced by the delay (see Bowser at 608).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK