Harris v New York City Health & Hosps. Corp. (2018 NY Slip Op 02403)





Harris v New York City Health & Hosps. Corp.


2018 NY Slip Op 02403


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Acosta, P.J., Tom, Oing, Moulton, JJ.


6234N

[*1] Cynthia Harris, Plaintiff-Respondent, 
v
The New York City Health and Hospitals Corporation, Defendant-Appellant, Reginald Denis, M.D., et al., Defendants.


Zachary W. Carter, Corporation Counsel, New York (Emma Grunberg of counsel), for appellant.
Lisa M. Comeau, Garden City, for respondent.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered December 16, 2016, which granted plaintiff's motion for leave to file an untimely notice of claim, unanimously affirmed, without costs.
This appeal involves a claim against defendant New York City Health and Hospitals Corporation (HHC) for medical malpractice allegedly committed by the individually named defendants during their employment as physicians at Lincoln Medical and Mental Health Center (Lincoln Hospital) in providing plaintiff with medical treatment on or about July 22, 2014 by failing to diagnose that she had a brain tumor.
The Supreme Court providently exercised its discretion in granting plaintiff leave to file a late notice of claim upon HHC (see General Municipal Law § 50—e[5]). Plaintiff's expert affidavit establishes that HHC obtained actual knowledge of the facts underlying plaintiff's theory of a departure from the accepted standard of care with regard to the diagnosis and treatment of her brain tumor and the existence of a causally related injury (see Alvarez v New York City Health & Hosps. Corp. [North Cent. Bronx Hosp.], 101 AD3d 464 [1st Dept 2012]). Although HHC does not deny it has the July 2014 MRI film in its possession, it failed to produce it or submit a medical expert's affidavit rebutting the opinion of plaintiff's medical expert that the MRI establishes that Lincoln Hospital's staff failed to diagnose the mass on plaintiff's brain even though it was visible at the time she received medical treatment at Lincoln Hospital, because the head imaging studies conducted by nonparty New York Radiology Partners on May 7, 2014 and April 27, 2015, respectively, show the tumor (see Perez v New York City Health & Hosps. Corp., 81 AD3d 448, 448-449 [1st Dept 2011]).
Contrary to HHC's contention, plaintiff has demonstrated a reasonable excuse for the delay, because the record shows that her tumor was not diagnosed until April 27, 2015, and that she required two surgeries to treat it (see Matter of Kellel B. v New York City Health & Hosps. Corp., 122 AD3d 495, 496 [1st Dept 2014]). Even if this Court were to find that plaintiff failed to set forth a reasonable excuse for the delay, the lack of a reasonable excuse is not, standing alone, sufficient to deny her leave application because the record shows that HHC received timely actual notice of the essential facts underlying plaintiff's medical malpractice claim (see Renelique v New York City Hous. Auth., 72 AD3d 595, 596 [1st Dept 2010]).
In addition, HHC will not be prejudiced by allowing plaintiff to file a late notice of claim pertaining to the alleged failure to timely diagnose her brain tumor because her medical records presumably reflect the course of treatment and the facts relevant to her claims (see Uzcha v New York City Health & Hosps. Corp., 288 AD2d 48 [1st Dept 2001]). Lastly, HHC's contention that it has been prejudiced because Jarome Kalil Lazaga, M.D., is no longer employed by the Lincoln [*2]Hospital, does not remember plaintiff and is now living in California is unavailing, because he is a named defendant who is represented by HHC's counsel and there is no indication in the record that he or any other witness are actually unavailable (see Caminero v New York City Health & Hosps. Corp. [Bronx Mun. Hosp. Ctr.], 21 AD3d 330, 333 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK