Feduniak v New York City Health & Hosps. Corp. (Queens Hosp. Center) (2019 NY Slip Op 01564)





Feduniak v New York City Health & Hosps. Corp. (Queens Hosp. Center)


2019 NY Slip Op 01564


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-07954
 (Index No. 710389/16)

[*1]Simone Feduniak, etc., appellant, 
v
New York City Health and Hospitals Corporation (Queens Hospital Center), respondent.


The Fitzgerald Law Firm, P.C., Yonkers, NY (John M. Daly and Christopher J. Lennon of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Jason Anton of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 29, 2017. The order denied the plaintiff's motion pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc and granted the defendant's cross motion to dismiss the complaint on the ground that the plaintiff failed to serve a timely notice of claim.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served nunc pro tunc is granted, and the defendant's cross motion to dismiss the complaint on the ground that the plaintiff failed to serve a timely notice of claim is denied.
In July 2009, the plaintiff gave birth to a daughter at the defendant hospital. At approximately 1:00 a.m. on the day following the birth, the child was transferred to the defendant's neonatal intensive care unit because she had a seizure. On the same day, after the child's blood
glucose levels were stabilized, she was transferred to Mount Sinai Medical Center. After a medical examination on December 15, 2009, the child's doctor found the child to be "normal in all respects," the child was no longer being given an anticonvulsant medication with no recurrence of seizures, and no etiology was found to explain the events except for transient hypoglycemia. However, at an examination on March 17, 2010, the child was unable to bear weight on her legs, and global developmental delays were thereafter discovered.
In July 2012, the plaintiff, as parent and natural guardian of the child, served a notice of claim upon the defendant, without leave of the court, and a request for the plaintiff's and the child's medical records. On August 1, and August 31, 2012, the defendant provided the plaintiff with a limited number of pages from the medical records requested. In May 2013, the plaintiff testified at a hearing held pursuant to General Municipal Law § 50-h. In July 2013, the plaintiff served an amended notice of claim upon the defendant, without leave of the court.
By letter dated August 8, 2013, the defendant stated that the outstanding medical [*2]records could not be found. On September 11, 2014, after making multiple requests, the plaintiff's counsel received 163 pages of neonatal records for the child, but specific items, such as a CT-scan film and information pertaining to the blood sugar levels from the date of birth and the following day, were missing. By order to show cause dated January 11, 2016, the plaintiff moved to compel the defendant to produce the child's complete medical records, and in February 2016, the defendant provided additional neonatal records.
On or about August 30, 2016, the plaintiff commenced this action, inter alia, to recover damages for injuries allegedly sustained by the child as a result of the defendant's medical malpractice. In September 2016, the plaintiff moved pursuant to General Municipal Law § 50-e to deem the late notice of claim timely served nunc pro tunc. That motion was marked off the calendar on November 30, 2016, on the ground that the Supreme Court was not in possession of a working copy of the motion. In February 2017, the plaintiff re-noticed its motion pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served nunc pro tunc. The defendant cross-moved to dismiss the complaint on the ground that the plaintiff failed to serve a timely notice of claim. In an order entered June 29, 2017, the court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
Under General Municipal Law § 50-e(5), in determining whether to deem a late notice of claim timely served nunc pro tunc, the court must consider, in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter (see Unconsolidated Laws § 7401[2]; Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 675). Additional factors in determining whether to grant such an extension include whether the plaintiff demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the delay in seeking leave to serve a late notice of claim, whether the plaintiff was an infant at the time the claim arose and, if so, whether there was a nexus between the plaintiff's infancy and the delay in service of a notice of claim, and whether the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e[5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790).
The record here indicates that the defendant was aware that the child's condition was related to glucose levels, which were not measured at birth. Thus, the defendant acquired actual knowledge of the essential facts constituting the claim immediately after the incident, and well within the 90 day period after the claim arose (see Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d 670; Matter of Cruz v City of New York, 149 AD3d 835; Matter of Felice v Eastport/South Manor Cent. School Dist, 50 AD3d 138, 149; Greene v New York City Health & Hosps. Corp., 35 AD3d 206).
The delay in serving a notice of claim was also directly attributable to the child's infancy, since it was not apparent that the child had suffered a permanent injury until after the 90-day period expired. When the child's injuries became apparent, the plaintiff served a late notice of claim without leave of court. Although this Court has ruled that actual knowledge of the essential facts constituting the claim cannot be inferred from a late notice of claim served without leave of the court (see Matter of Katsiouras v City of New York, 106 AD3d 916, 918), in this case the late notice of claim generated a hearing pursuant to General Municipal Law § 50-h, where the defendant conducted an examination of the plaintiff and the essential facts constituting the claim were explored (see Brunson v New York City Health & Hosps. Corp., 144 AD3d 854).
On the question of prejudice, the burden initially rests on the movant to show that the late notice will not substantially prejudice the public corporation (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465). Such a showing need not be extensive, but the movant must present some evidence or plausible argument that supports a finding of no substantial prejudice (id. at 465). Lack of actual knowledge and lengthy delays are important factors in determining whether the defendant is substantially prejudiced (see Williams v Nassau County Med. Ctr., 6 NY3d at 539). Here, the defendant suffered no substantial prejudice. The plaintiff's motion and the defendant's cross motion focused on whether the defendant's failure to monitor the child's glucose [*3]levels constituted malpractice which proximately caused the child's developmental delays, indicating that the parties were fully conversant with the merits of the case, and the defendant conducted a General Municipal Law § 50-h examination where the essential facts constituting the claim were explored.
Under the circumstances of this case, the denial of the plaintiff's motion to deem the late notice of claim timely served nunc pro tunc was an improvident exercise of discretion. Accordingly, we grant the plaintiff's motion pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served nunc pro tunc, and deny the defendant's cross motion to dismiss the complaint on the ground that the plaintiff failed to serve a timely notice of claim.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court