Matter of Rodriguez v City of New York (2019 NY Slip Op 03921)





Matter of Rodriguez v City of New York


2019 NY Slip Op 03921


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Friedman, J.P., Gische, Oing, Singh, Moulton, JJ.


8070N 152230/18

[*1] In re Ana Rodriguez, Petitioner-Appellant,
v
The City of New York, et al., Respondents-Respondents.


Geoffrey Schotter, Brooklyn, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Shannon Colabrese of counsel), for respondents.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered April 17, 2018, which denied petitioner's motion for leave to serve a late notice of claim upon respondent, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion granted, and the notice of claim deemed timely filed nunc pro tunc.
Petitioner, a medical technician for nonparty New York City Health and Hospitals Corporation (HHC) alleges that she was assaulted by an inmate in the custody of Department of Correction (DOC) while that inmate was being treated at Bellevue Hospital. Petitioner maintains that the inmate punched her in the chest and slapped her twice in the face after she approached him to advise him that he should get dressed for a family visit.
In support of her application, filed about seven months after the 90-day statutory period elapsed, petitioner submitted an affidavit averring that on the very same day of the alleged assault, she had two conversations with Captain Monday Obigumeda, a DOC employee. She explains that she spoke to Obigumeda twice that day, once before seeking medical attention and again after she returned from the Bellevue Hospital emergency room. Petitioner avers that he "took pictures of my face and asked me how I was hurt and asked me if I intended to sue the City of New York Department of Correction over the injuries I sustained from the assault that day. I described the assault." After she returned from the emergency room, petitioner explains that Obigumeda was "still there" and "he again asked me how I was hurt and asked me if I intended to sue . . . . I again described the assault to Captain Obigumeda and told him that I did indeed intend to pursue legal action." DOC did not submit any evidence to Supreme Court to dispute these factual allegations.
In considering whether to grant leave to file a late notice of claim, courts consider whether the public corporation "acquired actual knowledge of the essential facts constituting the claim within [90 days] or within a reasonable time thereafter," and "all other relevant facts and circumstances," including "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits," the length of the delay, and whether there was a reasonable excuse for the delay (General Municipal Law § 50-e[5]).
Preliminarily, Supreme Court correctly found that petitioner failed to establish that respondent had actual knowledge of the essential facts constituting the claim based on the documentation that petitioner submitted to the Workers' Compensation Board. The documentation does not establish that respondent obtained timely actual notice of her claims, because it fails to set forth any facts that suggest her injuries were caused by respondent's negligence or that respondent received her workers' compensation claim. The fact that the City's Law Department acted as counsel for petitioner's employer HHC during a workers' compensation proceeding regarding the injuries that she allegedly sustained does not establish [*2]that respondent obtained timely notice of her negligence claims because respondent has no control over the HHC, which is a separate and distinct statutory entity (see Skelton v City of New York, 176 AD2d 664 [1st Dept 1991]).
However, Supreme Court erred in rejecting petitioner's argument that the investigation provided respondent with actual notice, concluding only that her argument was "unavailing." Supreme Court presumably agreed with respondent's argument that it lacked notice because petitioner never specified that she had told Obigumeda the manner in which DOC was negligent (namely, by failing to ensure that a correction officer was present when she spoke with the inmate). We disagree.
To the extent that petitioner did not establish actual notice because she did not specify that her description of the assault included a recitation of who was in the room, "municipal authorities have an obligation to obtain the missing information if that can be done with a modicum of effort" (Goodwin v New York City Hous. Auth., 42 AD3d 63, 69 [1st Dept 2007]). Here, negligence is the only theory of liability that could be implied by petitioner's conversations with Obigumeda and, in any event, he could have determined who was in the room during the course of his investigation with "a modicum of effort." To hold otherwise would turn the statute into a sword, contrary to its remedial purpose (see Lomax v New York City Health & Hosps. Corp., 262 AD2d 2, 4 [1st Dept 1999]).
Supreme Court also erred in applying the incorrect legal standard when evaluating the issue of substantial prejudice. Supreme Court relied on Matter of Kelley v New York City Health & Hosps. Corp. (76 AD3d 824, 829 [1st Dept 2010]) instead of Matter of Newcomb v Middle Country Cent. Sch. Dist. (28 NY3d 455 [2016]). Applying the Newcomb standard, as we must, compels a determination that respondent was not substantially prejudiced by the delay.
Under Newcomb, the burden initially rests on the petitioner to make a showing that the late notice will not substantially prejudice the respondent and that showing "need not be extensive" (28 NY3d at 466). Petitioner easily met her initial burden of providing "some evidence or plausible argument" regarding the lack of substantial prejudice by pointing to the investigation (id.). Thus, the burden shifted to respondent, which failed to rebut petitioner's showing with the particularized evidence required under Newcomb (id. at 467). Indeed, respondent never provided Supreme Court with any evidence to substantiate that it was prejudiced by the mere passage of time. Instead, respondent made "[g]eneric arguments and inferences" which cannot establish substantial prejudice "in the absence of facts in the record to support such a finding" (id. at 466).
While petitioner did not demonstrate a reasonable excuse for service of her late notice of claim, the lack of excuse is not fatal here (see Matter of Dominguez v City Univ. of N.Y., 166 AD3d 540, 541 [1st Dept 2018]).
Finally, we bear in mind that the purpose of the statute is to give the municipality the opportunity to investigate the claim (see Brown v City of New York, 95 NY2d 389, 393 [2000]). Here, respondent actually investigated the claim on the very same day that it arose, thereby fulfilling the statute's purpose.
The Decision and Order of this Court entered herein on January 10, [*3]2019 (168 AD3d 481 [1st Dept 2019]) is hereby recalled and vacated (see M-813, decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK