■ SHAVAH ABBOT, Respondent, v CITY OF NEW YORK, Appellant. [707 NYS2d 88] —Judgment, Supreme Court, New York County (Richard Braun, J.), entered on or about April 6, 1999, which granted the petition pursuant to General Municipal Law § 50-e to the extent of deeming petitioner's notice of claim timely served nunc pro tunc, unanimously affirmed, without costs.

The IAS Court properly exercised its discretion, since consideration of the various pertinent factors "militates in favor of granting" petitioner's application (*Ali v Bunny Realty Corp.*, 253 AD2d 356, 357). It is not disputed that an April 1981 inspection of the subject apartment conducted by a bureau of the Department of Health found lead paint levels in violation of the City Health Code. The City does not deny that it received, through the Department of Housing Preservation and Development, the May 1981 "[abatement] order to Landlord/Agent", and the City apparently concedes that it removed the lead violations in July 1981. Thus, the City, through its agencies, had timely knowledge of the facts underlying petitioner's claim; it had the opportunity to investigate the matter and in fact did so.

The City has not demonstrated any substantial prejudice attributable to the passage of time.

Finally, although petitioner does not offer a reasonable excuse as to why he waited until more than a year after reaching his majority to commence this lawsuit, we do not, under all the relevant circumstances, find such omission fatal to his application (*see, Diallo v City of New York*, 224 AD2d 339). Concur—Rosenberger, J. P., Nardelli, Tom, Wallach and Saxe, JJ.