■ In the Matter of Eve Dubowy, Appellant, v City of New York, Respondent. [759 NYS2d 325] —Order and judgment (one paper), Supreme Court, New York County (Paula Omansky, J.), entered on or about September 19, 2001, denying petitioner's application to deem her notice of claim timely, nunc pro tunc, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the application granted, and the matter remanded to the hearing court for further proceedings.

The purpose underlying the notice of claim requirement

embodied in General Municipal Law § 50-e, is to protect the municipality from unfounded claims and to ensure that it has an adequate opportunity "to explore the merits of the claim while information is still readily available" (*Teresta v City of New York*, 304 NY 440, 443 [1952]; *see also Camacho v City of New York*, 187 AD2d 262, 263 [1992]). The statute, however, is not intended to "operate as a device to defeat the rights of persons with legitimate claims" (*Matter of Annis v New York City Tr. Auth.*, 108 AD2d 643, 644 [1985]).

General Municipal Law § 50-e (5), which confers upon the court the discretion to determine whether to grant or deny leave to serve a late notice of claim (*see Matter of Valestil v City of New York*, 295 AD2d 619 [2002], *lv denied* 98 NY2d 615 [2002]; *Matter of Turner v City of New York*, 203 AD2d 294, 295 [1994]), is remedial in nature and should, therefore, be liberally construed (*Camacho v City of New York, supra* at 263; *Matter of Santana v City of New York*, 183 AD2d 665 [1992]). The key factors which the court must consider in determining if leave should be granted are whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense (*Matter of Lodati v City of New York*, 303 AD2d 406 [2003]; *Matter of Ruiz v New York City Hous. Auth.*, 272 AD2d 402, 403 [2000]; *Braverman v City of White Plains*, 115 AD2d 689, 690 [1985]). Moreover, the presence or absence of any one factor is not determinative (*Chattergoon v New York City Hous. Auth.*, 197 AD2d 397, 398 [1993]; *Matter of Morris v County of Suffolk*, 88 AD2d 956, 957 [1982], *affd* 58 NY2d 767 [1982]), and the absence of a reasonable excuse is not fatal (*Weiss v City of New York*, 237 AD2d 212, 213 [1997]; *Chattergoon v New York City Hous. Auth., supra* at 398; *Matter of Gerzel v City of New York*, 117 AD2d 549, 551 [1986]).

In the matter at bar, respondent City of New York, in our view, acquired knowledge of the essential facts within a reasonable time after the accident, and failed to demonstrate how the relatively short delay herein resulted in any prejudice to its defense. Further, petitioner's physical incapacity, which she cites as the root cause of her delay, is bolstered by the submission of medical records, and is an acceptable excuse for the delay (*see Matter of Silva v City of New York*, 246 AD2d 465, 465-466 [1998]). Concur—Buckley, P.J., Nardelli, Andrias, Friedman and Gonzalez, JJ.