■ In the Matter of CHARLES ANSONG, Appellant, v CITY OF NEW YORK, Respondent. [764 NYS2d 182] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered December 16, 2002, which denied petitioner's application to serve and file a late notice of claim nunc pro tunc, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the application granted.

Petitioner claims that at 5:30 A.M. on July 25, 2001, New York City police officers awoke him, entered his apartment, attacked him and pushed him off his eighth floor balcony causing him to sustain various physical injuries. Petitioner was thereafter arrested and prosecuted until the case against him was dismissed on September 24, 2001. Petitioner served respondent with a notice of claim dated July 15, 2002 and moved on August 9, 2002 for permission to file a late notice of claim nunc pro tunc. The IAS court denied petitioner's application on the grounds that: (1) petitioner failed to establish that respondent acquired actual knowledge of the claim within 90 days or a reasonable time thereafter; and (2) petitioner failed to support his excuse of physical incapacitation with medical evidence from a doctor or other medical provider. Since respondent's employees allegedly assaulted petitioner and, therefore, must have had actual knowledge, and since a lack of reasonable excuse is not sufficient, without more, to deny an application for leave, we reverse.

Respondent's claimed lack of actual knowledge is completely refuted by the fact that the officers who allegedly assaulted petitioner would, as respondent's employees, have had immediate knowledge of the events giving rise to this dispute (*see Diallo v City of New York,* 224 AD2d 339, 340 [1996] [petitioner,

who went to police station to report a robbery, but who was assaulted by police officers, was permitted to serve and file late notice of claim where court found that actual knowledge of allegedly malicious prosecution could have been imputed to the City through the police officers in its employ who were timely alleged to have beaten petitioner]). Respondent's claim of prejudice is similarly meritless since police and Criminal Court records pertaining to petitioner's arrest, as well as the favorable disposition of charges against him, are presumably still in existence (*see Ali v Bunny Realty Corp.,* 253 AD2d 356, 358 [1998] [no prejudice inuring to the New York City Housing Authority in lead poisoning case brought by infant and his mother where this Court found that Department of Health inspection records and violation notices pertaining to the premises where claimants lived presumably remained in existence]).

Pursuant to section 50-e (1) of the General Municipal Law, a notice of claim must generally be filed within 90 days after a claim against a municipality or municipal authority arises (*Matter of Freudenthal v County of Nassau,* 99 NY2d 285, 293 [2003]; *Plummer v New York City Health & Hosps. Corp.,* 98 NY2d 263, 267 [2002]). Courts may, however, extend the time to serve a late notice of claim in a proper case (General Municipal Law § 50-e [5]). In so doing, courts should consider such factors as whether, inter alia, the public corporation acquired actual notice of the claim within 90 days or a reasonable time thereafter, and whether the delay in serving the notice of claim substantially prejudiced the public corporation from maintaining its defense on the merits (*Barnes v New York City Hous. Auth.,* 262 AD2d 46, 46-47 [1999], *lv denied* 95 NY2d 757 [2000]). Respondent has failed to demonstrate either prejudice or a lack of knowledge.

While petitioner failed to support his contention of physical incapacitation with any medical evidence (*compare Matter of Silva v City of New York,* 246 AD2d 465, 465-466 [1998]), the lack of a reasonable excuse is not, standing by itself, sufficient to deny an application for leave to serve and file a late notice of claim (*Harris v City of New York,* 297 AD2d 473, 473-474 [2002], *lv denied* 99 NY2d 503 [2002]), especially where, as here, the respondent has had the opportunity to investigate the petitioner's claims (*see Abbot v City of New York,* 271 AD2d 364 [2000]), and where, as here, the respondent cannot show that it was prejudiced by the delay (*Weiss v City of New York,* 237 AD2d 212, 213 [1997]). Concur—Buckley, P.J., Tom, Sullivan and Marlow, JJ.

■ BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respon-