■ CONSTANCE R. LEEDS, Respondent, v LENOX HILL HOSPITAL et al., Appellants. [775 NYS2d 260]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 24, 2002, which, in an action for personal injuries, wrongful death and loss of consortium arising out of defendants' alleged medical malpractice, granted plaintiff's motion to restore the action to the trial calendar, unanimously affirmed, without costs; order, same court (Karla Moskowitz, J.), entered on or about June 30, 2000, which denied defendants' motions to preclude plaintiff from presenting expert testimony at trial and for summary judgment dismissing the complaint, unanimously affirmed, without costs; appeal from order, same court (Karla Moskowitz, J.), entered on or about January 12, 2001, which granted defendants' motion to reargue so much of the June 30, 2000 order as denied that part of their motion for summary judgment dismissing the wrongful death and loss of consortium claims, and, upon reargument, granted partial summary judgment dismissing such claims, unanimously dismissed, without costs.

The action was properly restored to the trial calendar upon a showing that the claim of malpractice is meritorious and that the delay was neither willful nor prejudicial. Concerning prejudice, defendants articulate only the passage of time, which is by itself legally insufficient (*see Peterson v City of New York*, 286 AD2d 287 [2001]). Moreover, it appears that the trial will turn mainly on medical records rather than witnesses' memories (*see Jankie-Alli v Mount Sinai Med. Ctr.*, 262 AD2d 188 [1999]). Concerning the merits, plaintiff's expert's affidavit raises an issue of fact as to whether defendants' failure to give the decedent continuous intravenous and/or gastric intubation feedings while hospitalized was a deviation from the standard of care and a proximate cause of his death. An issue of fact also exists as to whether the remaining individual defendant was merely a consultant to the decedent's private attending physician, or whether she undertook to manage the decedent's care. We note that defendant hospital does not argue on appeal that it cannot be held vicariously liable for the remaining individual defendant's malpractice. Defendants' argument that plaintiff's discontinuance against the decedent's private attending physician

bars her claims against them was improperly raised for the first time in their reply papers on the motion for summary judgment, and we decline to consider it (*see Meade v Rock-McGraw, Inc.*, 307 AD2d 156, 159 [2003]). Concerning the reargument motion, since, as above indicated, summary judgment on the personal injury claim was properly denied, defendants' argument that, upon reargument, the IAS court erred in addressing only the wrongful death and loss of consortium claims, and not the personal injury claims as well, is academic. In any event, the record shows that defendants' motion for reargument was limited to the denial of summary judgment dismissing the wrongful death and loss of consortium claims. Since those claims were dismissed on reargument, defendants are not aggrieved parties under CPLR 5511 for purposes of an appeal from the order granting reargument. Finally, the IAS court properly denied defendants' motion for preclusion or dismissal under CPLR 3126, there being no showing that plaintiff's delay in providing expert disclosure was willful or that defendants suffered any prejudice other than fading memories due to the passage of time (*see Colome v Grand Concourse 2075*, 302 AD2d 251 [2003]). Concur—Andrias, J.P., Ellerin, Lerner and Gonzalez, JJ.