■ ZACHARY VELAZQUEZ, an Infant, by His Mother and Natural Guardian, EVELYN SEGARRA, et al., Respondents, v CITY OF NEW YORK HEALTH AND HOSPITALS CORPORATION (JACOBI MEDICAL CENTER), Appellant. [894 NYS2d 15]—

The infant plaintiff was born at Jacobi Medical Center in March 1998, weighing only one pound, nine ounces. He remained in the neonatal intensive care unit until his discharge on July 6, 1998. By the age of four, he was diagnosed with spastic cerebral palsy and asthma. A notice of claim dated October 11, 2006 notified defendant of plaintiffs' claims for negligence, medical malpractice and failure to obtain informed consent in connection with the infant's neonatal care and alleged that injury was sustained as the result of birth trauma. The instant motion dated August 30, 2007 seeks an order deeming the notice of claim served to be timely or, in the alternative, granting leave to serve a late notice of claim.

In deciding whether a notice of claim should be deemed timely served under General Municipal Law § 50-e (5), the key factors considered are "whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense. Moreover, the presence or absence of any one factor is not determinative" (*Matter of Dubowy v City of New York*, 305 AD2d 320, 321 [2003] [citations omitted]). The failure to set forth a reasonable excuse is not, by itself, fatal to the application (*see Matter of Ansong v City of New York*, 308 AD2d 333, 334 [2003]).

While analysis of the medical record will be required to assess the propriety of the treatment rendered by defendant, plaintiffs have failed to demonstrate that the record alone suffices to put defendant on notice of the alleged malpractice (*cf. Rechenberger v Nassau County Med. Ctr.*, 112 AD2d 150, 153 [1985]). That the infant experienced complications due to premature birth does not serve to alert defendant that, years later, he would develop cerebral palsy and other conditions now alleged to be the result of negligence in his perinatal care and treatment. "Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury on plaintiff during the birth process" (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *see also Matter of Nieves v New York Health & Hosps. Corp.*, 34 AD3d 336, 338 [2006]). Thus, the failure to serve a timely no-

tice of claim has deprived defendant of the opportunity to conduct a prompt investigation of the merits of the allegations against it that the notice provision of General Municipal Law § 50-e was designed to afford (*see Adkins v City of New York*, 43 NY2d 346, 350 [1977]).

Plaintiffs state no excuse for the 8½-year delay in serving a notice of claim or for the additional one-year delay in seeking leave to file late notice (*see Rechenberger*, 112 AD2d at 152), arguing instead that defendant has not sustained prejudice as a consequence. However, this is not a case in which the plaintiff is unavailable due to death or incapacity so that the propriety of treatment will be determined solely on the basis of the medical record and, thus, "the knowledge of the claim possessed by the public corporation is at least coextensive with, if not superior to, that of the representative of the injured party and is contemporaneous with the alleged acts of malpractice" (*Matter of Banegas-Nobles v New York City Health & Hosps. Corp.*, 184 AD2d 379, 380 [1992]). Nor is this a case in which delay in serving notice results from difficulty in discovering the alleged act of malpractice (*see Myette v New York City Hous. Auth.*, 204 AD2d 54 [1994]); to the contrary, plaintiffs contend that the alleged malpractice is evident from the difficulties attendant upon the birth.

In the absence of evidence that defendant should have been alerted to malpractice giving rise to the claims asserted in the complaint (*see Matter of Ruiz v New York City Health & Hosps. Corp.*, 165 AD2d 75, 81 [1991]) and the absence of any excuse for the considerable delay in bringing the motion for leave to serve a late notice of claim (*see Gaudio v City of New York*, 235 AD2d 228 [1997]), Supreme Court improvidently exercised its discretion in granting plaintiffs' application. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Richter, JJ.