■ ISAIAH RODRIGUEZ, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (JACOBI MEDICAL CENTER), Appellant, et al., Defendants. [911 NYS2d 347]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered January 8, 2008, which granted plaintiff's motion to serve a late notice of claim, unanimously reversed, on the facts, without costs, and the motion denied.

None of the factors that the motion court considered were demonstrated to be in plaintiff's favor (see General Municipal Law § 50-e [5]). Plaintiff failed to offer a reasonable excuse for the eight-year delay in moving for leave. The record shows that the delay is attributable to the fact that plaintiff's mother and guardian, while on notice of his condition, lacked an understanding of the legal basis for the claim. However, such ignorance of the law is not a reasonable excuse (*Bayo v Burnside Mews Assoc.*, 45 AD3d 495 [2007]). Plaintiff failed to demonstrate that

defendant acquired actual notice of the facts of the claim from the medical record. He was born prematurely, and the complications he suffered were consistent with that condition. The record alone did not put defendant on notice of alleged malpractice that might years later give rise to another condition (*see Velazquez v City of N.Y. Health & Hosps. Corp. [Jacobi Med. Ctr.]*, 69 AD3d 441 [2010]). Defendant demonstrated that it has been prejudiced by the delay by showing that its former-employee witnesses have no recollection of this particular delivery, performed almost a decade ago (*see Matter of Banegas-Nobles v New York City Health & Hosps. Corp.*, 184 AD2d 379, 379-380 [1992]). Finally, plaintiff's infancy carries little weight, because there is no connection between the infancy and the delay (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537-538 [2006]). Concur—Tom, J.P., Andrias, Nardelli, Acosta and DeGrasse, JJ.