■ DEREK ARAUZ, an Infant, by His Mother and Natural Guardian, FRAILA LINO, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (LINCOLN MEDICAL CENTER), Respondent. [957 NYS2d 37]—

In this medical malpractice action in which the infant plaintiff seeks to recover for injuries plaintiff's mother became aware of soon after his birth, the court properly considered the pertinent statutory factors and exercised its discretion in denying the infant plaintiff's motion (General Municipal Law § 50-e [5]). Plaintiff's mother's excuse that she was unaware that she had a malpractice claim until approximately seven years after the infant plaintiff's birth, without explanation as to how she came to this knowledge, is unreasonable (see Plaza v New York Health & Hosps. Corp. [Jacobi Med. Ctr.], 97 AD3d 466 [1st Dept 2012]). Additionally, there was no excuse proffered for the additional delay of two years (nine years after the birth) between the filing of the notice of claim and the time the instant motion was made.

Moreover, while plaintiff's experts interpreted the hospital records to support his theory of liability, the records do not, on their face, evince that the hospital deviated from good and accepted medical practice, and thus, do not provide defendant hospital with timely actual knowledge of the underlying claim (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]; Webb v New York City Health & Hosps. Corp., 50 AD3d 265 [1st Dept 2008]).

The absence of the actual fetal monitoring tapes in defendant's records does not require a different result since, as those records confirm and defendant concedes, they showed severe fetal heart rate bradycardia. Additionally, there is no evidence in the medical record that any treatment rendered could have caused plaintiff's injuries, particularly since, upon infant plaintiff's delivery, plaintiff's condition was attributed to the unfortunate presence of a true tight knot observed in the umbilical cord near the placenta. (See Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]; Rodriguez v New York City Health & Hosps. Corp. [Jacobi Med. Ctr.], 78 AD3d 538, 539 [1st Dept 2010], lv denied 17 NY3d 718 [2011]; Velazquez v City of N.Y. Health & Hosps. Corp. [Jacobi Med. Ctr.], 69 AD3d 441, 442 [1st Dept 2010], lv denied 15 NY3d 711 [2010].)

Defendant has also demonstrated prejudice resulting from the passage of time, during which many of its key employees involved in plaintiff's care have left the employ of Lincoln, and have not responded to defendant's efforts to contact them (see Walker v New York City Tr. Auth., 266 AD2d 54, 55 [1st Dept 1999]). Since, in reaching his conclusions concerning Lincoln's

treatment of plaintiff's mother, plaintiff's expert relies upon her testimony, which contradicts the actual records, this is not a case that will turn mainly on records rather than witnesses' memories (cf. *Leeds v Lenox Hill Hosp.*, 6 AD3d 232, 233 [1st Dept 2004]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ.