Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered January 9, 2012, which granted defendant hospital’s motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e, and denied plaintiffs cross motion for, among other things, leave to file a late notice of claim, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff’s cross motion and dismissing the complaint. The mother’s professed ignorance of the law is not a reasonable excuse for the delay in seeking leave to file a late notice of claim (see Basualdo v Guzman, 110 AD3d 610, 610 [1st Dept 2013]). Moreover, “plaintiff’s infancy carries little weight,” because there is no connection between his infancy and the untimely notice of claim (Rodriguez v New York City Health & Hosps. Corp. [Jacobi Med. Ctr.], 78 AD3d 538, 539 [1st Dept 2010], lv denied 17 NY3d 718 [2011]; see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537-538 [2006]). In addition, plaintiff failed to demonstrate that the hospital’s medical records alone sufficed to put the hospital on notice of the alleged malpractice (Basualdo, 110 AD3d at 610). Indeed, the records indicate that the infant plaintiff was delivered at and released from the hospital in a healthy condition, without apparent injury, and that he was taken to the intensive care unit as a precaution, due to the mother’s fever. Given the delay and lack of notice, the court properly determined that the hospital has been deprived of the opportunity to conduct a prompt investigation of the merits of plaintiffs malpractice claims (Velazquez v City of N.Y. Health & *515 Hosps. Corp. [Jacobi Med. Ctr.], 69 AD3d 441, 442-443 [1st Dept 2010], lv denied 15 NY3d 711 [2010]). Concur — Friedman, J.E, Moskowitz, Freedman, Gische and Clark, JJ.