Matter of Katshana H. v New York City Health & Hosps. Corp. (2019 NY Slip Op 04473)





Matter of Katshana H. v New York City Health & Hosps. Corp.


2019 NY Slip Op 04473


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9554N 28916/17E

[*1] In re Katshana H., etc., et al., Petitioners-Respondents,
v
New York City Health & Hospitals Corporation, Respondent-Appellant.


Zachary W. Carter, Corporation Counsel, New York (Jeremy W. Schweder of counsel), for appellant.
Diamond & Diamond LLC, Brooklyn (Stuart Diamond of counsel), for respondents.



Order, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered May 1, 2018, which granted petitioners' motion for leave to file a late notice of claim, unanimously affirmed, without costs.
The decision to grant petitioners leave to file a late notice of claim was a provident exercise of discretion (see generally Matter of Dubowy v City of New York, 305 AD2d 320, 321 [1st Dept 2003]). Petitioners' failure to set forth a reasonable excuse for not timely filing a notice of claim is not fatal to their leave application (see Velazquez v City of N.Y. Health & Hosps. Corp. [Jacobi Med. Ctr.], 69 AD3d 441, 442 [1st Dept 2010], lv denied 15 NY3d 711 [2010]), because they met their burden of showing that respondent obtained actual knowledge of the essential facts constituting the claim within the 90-day statutory time period or a reasonable time thereafter, and would not be prejudiced by having to defend against the action on its merits (see Caminero v New York City Health & Hosps. Corp. [Bronx Mun. Hosp. Ctr.], 21 AD3d 330, 332 [1st Dept 2005]). The medical records, which were in respondent's possession since the time of the alleged malpractice, show that respondent had knowledge of the essential facts of petitioners' claims because they document that infant petitioner was having seizures and had "extensive areas of infarct" after her "head wedged into [the mother's] pelvis due to prolonged second stage" as confirmed by an MRI performed by Jacobi Medical Center (see Figueroa v New York City Health & Hosps. Corp. [Jacobi Med. Ctr.], 49 AD3d 454 [1st Dept 2008]).
Following petitioners' showing, respondent raised no claim made with particularity as to how it would be substantially prejudiced should it be required to defend against the action on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467 [2016]; Matter of Townson v New York City Health & Hosps. Corp., 158 AD3d 401, 405 [1st Dept 2018]). That petitioners did not submit an expert affidavit in support of their leave application does not warrant a different determination, because the basic facts underlying the malpractice claim can be gleaned from the medical records (see Matter of Rojas v New York City Health & Hosps. Corp., 127 AD3d 870, 873 [2d Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK