English v Board of Trustees of the Fashion Inst. of Tech. (2020 NY Slip Op 05450)





English v Board of Trustees of the Fashion Inst. of Tech.


2020 NY Slip Op 05450


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Friedman, J.P., Webber, Kern, Moulton, JJ. 


Index No. 161860/18 Appeal No. 11956N Case No. 2019-4359 

[*1]Silvia English, Plaintiff-Appellant,
v
The Board of Trustees of the Fashion Institute of Technology, et al., Defendants-Respondents.


Law Offices of Miller & Miller, Brooklyn (Andrew R. Miller of counsel), for appellant.
Cornell Grace, P.C., New York (Adeel Jamaluddin of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 8, 2019, which denied petitioner's application for an order permitting her to file a late notice of claim on respondents and deeming the annexed notice of claim timely served nunc pro tunc, unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs, and the application granted.
Although counsel's error in identifying the proper party was arguably not excusable, the error was not due to any fault or delay on the part of petitioner, and "[t]he failure to set forth a reasonable excuse is not, by itself, fatal to the application" (Velazquez v City of N.Y. Health & Hosps. Corp. [Jacobi Med. Ctr.], 69 AD3d 441, 442 [1st Dept 2010], lv denied 15 NY3d 711 [2010]; see Harris v New York City Health and Hosps. Corp., 160 AD3d 441, 442 [1st Dept 2018]). This is particularly true where, as here, the record shows that respondents received timely and actual notice of the essential facts underlying plaintiff's claim (see id. at 442).
Here, the incident report gave respondents actual knowledge of the pertinent facts constituting the claim. The report makes clear that petitioner fell on the sidewalk, and the photographs contained in the report show that the sidewalk is cracked and raised, presenting a tripping hazard (compare Wollins v New York City Bd. of Educ., 8 AD3d 30, 30-31 [1st Dept 2004]). Furthermore, according to petitioner's 50-h testimony, her fall was notable enough that a security guard immediately called his supervisor to the scene, and there is no indication that respondents are prejudiced by the delay (see Matter of Richardson v New York City Hous. Auth., 136 AD3d 484, 485 [1st Dept 2016], lv denied 28 NY3d 905 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020