Matter of Jaime v City of New York (2022 NY Slip Op 03322)





Matter of Jaime v City of New York


2022 NY Slip Op 03322


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Friedman, Shulman, JJ. 


Index No. 806290/21E Appeal No. 15984 Case No. 2021-02848 

[*1]In the Matter of Luis Jaime, Petitioner-Respondent,
v
City of New York, Respondent-Appellant.


Georgia M. Pestana, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for appellant.
Sim & DePaola, LLP, Bayside (Sang J. Sim of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered June 2, 2021, which granted the petition for leave to file a late notice of claim, unanimously affirmed, without costs.
Petitioner claims that from June 21, 2019 to October 8, 2020, in five separate incidents, he was attacked and assaulted by correction officers and/or inmates while incarcerated at Rikers Island. Petitioner moved for permission to file late notices of claim for each of the five incidents.
Respondent's claimed lack of actual knowledge is refuted by the fact that the officers who allegedly assaulted petitioner or witnessed the incidents would, as respondent's employees, have had immediate knowledge of the events giving rise to this dispute (see Matter of Orozco v City of New York, 200 AD3d 559, 560 [1st Dept 2021]; Matter of Ansong v City of New York, 308 AD2d 333, 333 [1st Dept 2003]). In light of respondent's knowledge of petitioner's claims, no prejudice would result if petitioner were permitted to file a late notice of claim (see Matter of Orozco, 200 AD3d at 563). Furthermore, respondent has failed to make a particularized showing that the delay caused it substantial prejudice. Respondent's arguments as to the issue of reasonable excuse are unpreserved and, in any event, a lack of a reasonable excuse is not, standing alone, sufficient to deny an application for leave to serve and file a late notice of claim (see Renelique v New York City Hous. Auth., 72 AD3d 595, 596 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022