| |
|---|
| **Cassidy v New York City Tr. Auth.** |
| 2024 NY Slip Op 31145(U) |
| April 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160320/2022 |
| Judge: Denise M. Dominguez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DENISE M DOMINGUEZ**     PART    **21**

*Justice*

-------------------------------------------------------------------------X

DAVID CASSIDY

Plaintiff

- v -

NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN
TRANSIT AUTHORITY, DOE NYCTA EMPLOYEE, DOE
NYCTA EMPLOYEE

Defendants

---------------------------------------------------------------------X

INDEX NO.     160320/2022

MOTION SEQ. NO.     002

AMENDED

**DECISION AND ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 11, 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for     LEAVE TO FILE    .

Upon reading the above listed documents, having held a conference and oral arguments, and having issued an interim order requesting additional evidence and papers, Plaintiff's motion seeking to serve a late notice of claim *nun pro tunc* upon Defendants is denied.

*Applicable Law and Discussion*

It is well settled tort law that a party seeking to recover damages from a public entity must serve the public entity a timely notice of claim as a condition precedent to commencing a valid action (see General Municipal Law §50-e [1][a]). This requirement provides fairness in allowing public entities to investigate the alleged wrong and mount their defenses. However, claimants with legitimate claims who were unable to timely serve a notice of claim and provide a reason for the delay and show that the public entity knew or should have known of the alleged tort, may, with court approval, be granted an extension of time to serve a late notice of claim (see General Municipal Law §50-e [5] and § 50–i[1][c]; *Pierson v. City of New York*, 56 NY2d 950 [1992]; *Croce v. City of New York*, 69 AD3d 488 [1st Dept 2010]). Also, in most instances, a notice of claim served after the 90-day period and

**160320/2022 CASSIDY, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No. 002**

**Page 1 of 6**

1 of 6

[* 1]

without leave of court is a nullity (*see McGarty v. City of New York*, 44 AD3d 447 [1st Dept 2007]; *see also Wollins v. New York City Bd. of Educ.*, 8 AD3d 30 [1st Dept 2004]).

In deciding whether to grant or deny a timely application, this Court will generally consider whether the claimant provides a reasonable excuse for the delay, shows how the delay will not substantially prejudice the public entity in its defense, and most significantly, decide whether facts supported with some evidence exists to find that the public entity had or should have had notice of the essential facts of the claim within 90 days from the date the claim arose or a reasonable time thereafter (*see* General Municipal Law §50-e [5]; *Dubowy v. City of New York*, 305 AD2d 320, [1st Dept 2003]; *Porcaro v. City of New York*, 20 AD3d 357 [1st Dept 2005]; *Umeh v New York City Health and Hospitals*, 205 AD3d 599 [1st Dept 2022]; *Alexander v New York City Transit Authority*, 200 AD3d 509 [2021]; *Borchein v City of New York, 203 AD3d 570* [1st Dept 2022]; *Porcaro v. City of New York*, 20 AD3d 357, 358 [1st Dept 2005]). To establish the key factor that the public entity had notice of the tort, a mere assumption or an attorney affirmation which is not evidence will not suffice (*see e.g. Chattergoon v. New York City Hous. Auth.*, 161 AD2d 141[1990]; *see also Kim v. City of New York*, 256 AD2d 83 [1998]).

*Reasonable Excuse*

Here, Plaintiff through counsel alleges that a tort claim against Defendants arose on December 5, 2021 on the subway tracks at the 50th Street and Broadway subway station in Manhattan when Plaintiff fell into the tracks and was subsequently struck by a subway train. As per General Municipal Law §50-e, Plaintiff had within 90 days after the date of the alleged tort to timely serve a notice of claim, approximately on or about March 5, 2022.

Plaintiff's counsel alleges attempting to electronically serve a timely notice of claim at the very cusp of the end of the 90-day window, on March 4, 2022. Counsel alleges that the attempt was unsuccessful due to internet connection failure. Thus, upon missing the 90-day window, Plaintiff had

**160320/2022 CASSIDY, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No. 002**

Page 2 of 6

up to one year and 90 days after the date the claim arose to move this Court for an extension of time, approximately on or before March 5, 2023 (see Public Authority Law § 1212; General Municipal Law §50-e [5]).

On December 5, 2022, Plaintiff through counsel filed a summons and complaint for negligence against Defendants. Then on February 28, 2023, Plaintiff moved by Order to Show Cause for an extension of time to file a late notice of claim (Motion. Seq. 1). Without explanation and without this Court hearing the matter, Plaintiff then on March 6, 2023, withdrew the Order to Show Cause (NYSCEF Doc. 17, 18). Again, on the cusp of exceeding the year and 90-day window by which this Court may consider such application, on March 5, 2023, Plaintiff filed a motion seeking to have a late notice of claim allegedly served on March 12, 2022 deemed timely served *nunc pro tunc*.

Upon review of these facts, it is reasonable for this Court to assume that Plaintiff was represented by counsel within 90 days after Plaintiff's alleged accident. While Plaintiff counsel alleges not being able to timely serve the notice of claim due to computer/internet problems, the motions papers are silent as to why Plaintiff waited a year and 90 days to pursue this application. During oral arguments, Plaintiff did not provide any further reasoning. The Court also provided Plaintiff additional time to submit further evidence, which Plaintiff did not. Plaintiff simply argues through an attorney affirmation, that this Court should rely on the key factor that the Defendants had or should have had notice that Plaintiff was struck by a subway train and accept the late notice of claim allegedly served on March 12, 2022.

Although failing to provide a reasonable excuse for the delay is not always dispositive, under the circumstance here, where Plaintiff has been represented by counsel since at least March 4th of 2022, (within the 90- day window to serve a timely notice of claim) and was provided additional time to submit and supplement this motion, this Court finds it troubling that a reasoning for the delay was not provided. A timely notice of claim is not optional, discretionary, or a mere requirement, but a condition

**160320/2022   CASSIDY, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No. 002**

**Page 3 of 6**

[* 3]

3 of 6

precedent by statute and case law in seeking damages from a public entity (see General Municipal Law §50-e [1][a]; *see e.g. see McGarty*, 44 AD3d 447; *Pierson*, 56 NY2d 950; *Croce*, 69 AD3d 488). Furthermore, law office failure nor ignorance of the law are reasonable excuses (see *Santiago v. New York City Transit Auth.*, 85 AD3d 628 [1st Dept 2011]; *Rodriguez v. New York City Health & Hosps. Corp.*, 78 AD3d 538 [1st Dept 2010]). Moreover, Plaintiff relies on a March 12, 2022 late notice of claim that was not in compliance with General Municipal Law §50-e as it was served after the 90-day window and without court approval. Accordingly, Plaintiff has not provided a reasonable excuse for his delay and the alleged March 12, 2022 notice is deemed a nullity (*see McGarty; Wollins*).

*Defendants Knowledge of the Essential Facts*

As to Defendant's knowledge, Plaintiff solely through an attorney affirmation, alleges the Defendants knew or should have known of Plaintiff's accident. As per the affirmation, Plaintiff was under unspecified physical distress and disoriented at the time he entered the subway station. The affirmation further alleges that he was observed by Defendants' unidentified personnel who did nothing to assist him. The attorney affirmation further alleges that after Plaintiff was struck, emergency services responded and that the incident was captured on video.

Yet Plaintiff does not submit the slightest evidence in support, such as a Plaintiff's affidavit, an accident/aided report from NYPD or Transit, ambulance call sheet, EMS records, hospital/medical records, news articles, social media reports, Transit's twitter reports, or a foil request. While this Court recognizes that Transit, as a major and mass transportation carrier, normally keeps records of incidents as significant as when an individual is struck by a subway train, in this application, it is was not Transit's duty to provide any records. Thus, this Court finds that Plaintiff has not shown that he was struck by a subway train nor any facts for this Court to infer that Transit had notice of a potential actionable wrong (see e.g. *Clarke v. Veolia Transportation Servs., Inc.*, 204 AD3d 666 [2d Dept 2022]; *Evans v. New York City Hous. Auth.*, 176 AD2d 221[1st Dept 1991]; *Ayala v. City of New York*, 189

**160320/2022  CASSIDY, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**             **Page 4 of 6**
**Motion No. 002**

4 of 6

[* 4]

AD2d 632 |1st Dept 1993]; *Chattergoon* 161 AD2d 142). On the contrary, based on the attorney affirmation that Plaintiff was in a distress state, this Court may only infer that if the accident occurred at all, it was Plaintiff's own doing by unlawfully trespassing into the subway train tracks.

In addition, Plaintiff's reliance on *Jaime v. City of New York* is misplaced and is not applicable here. In *Jaime* the petitioner, an inmate at Rikers Island, was able to establish notice based upon evidence showing direct involvement by the respondents' employees, corrections officers, in assaulting the petitioner (205 AD3d 544 |1st Dept 2022]). Unlike here, Plaintiff's motion is deprived of any showing of an accident or a potential tort. Thus, under the circumstances and facts here, this Court further finds insufficient prove to make a finding or infer that Defendants had knowledge of a potential wrong.

*Defendants' Prejudice*

As to lack of prejudice, Plaintiff argues that Defendants will not be prejudice. Plaintiff argues that based on the late notice Defendants received, that Defendants scheduled a statutory hearing (although it was withdrawn) and based on the alleged EMT response to Plaintiff's accident and alleged video, Defendants have had time to investigate. This Court disagrees. As the alleged late notice of claim was deemed a nullity and Plaintiff has not established that the Defendants had actual knowledge of a potential tort. Rather, Transit at this point would be highly prejudiced in preparing a defense this late and remote in time from the alleged tort. As this Court must balance the intent of individuals with legitimate claims against protecting public entities from unfounded claims and ensure that the public entity has an adequate opportunity to explore the merits of the claim while information is still readily available (*Porcaro* 20 AD3d at 357 *supra., quoting Teresta v. City of New York*, 304 NY2d 440 [1952]). Thus, Plaintiff has not met his burden that Defendants would not be biased by granting Plaintiff an extension of time to serve such a late notice of claim.

Accordingly, it is hereby

ORDERED that Plaintiff's motion seeking to serve a late notice of claim upon Defendants is denied; and it is further

ORDERED that the part of the motion seeking to deem the late notice of claim allegedly served on March 12, 2022, *nunc pro tunc*, is denied; and it is further

ORDERED that within 20 days from the entry of this order, Plaintiff shall serve a copy of this order with notice of entry upon all parties in accordance with electronic filing.

This constitutes the decision and order of the Court.

4/4/24

1/29/2023

DATE

DENISE M DOMINGUEZ, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160320/2022  CASSIDY, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  002**

Page 6 of 6

6 of 6

[* 6]