**Williams v New York City Hous. Auth.**

2024 NY Slip Op 33050(U)

August 30, 2024

Supreme Court, New York County

Docket Number: Index No. 154277/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**            PART            **11M**

*Justice*

-------------------------------------------------------------------------------X

ETTA WILLIAMS

Plaintiff,

- v -

THE NEW YORK CITY HOUSING AUTHORITY,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154277/2024 |
| MOTION DATE | 05/07/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 11, 12 were read on this motion to/for _____ LEAVE TO FILE _____ .

Petitioner moves this court pursuant to *General Municipal Law (GML) § 50-(e)* seeking leave to file a late notice of claim for injuries allegedly sustained as a result of a slip and fall on October 12, 2023. Respondents oppose the instant petition.[1]

*Legal Standard*

It is well settled law that granting a petition to file a late notice of claim is discretionary. *GML § 50-e (5)*, which pertains specifically to an application to file a late notice of claim, states in pertinent part that, "Upon application, the court, in its discretion, may extend the time to serve a notice of claim… [and] the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time period specified… or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including, …whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits."  The burden rests on petitioner to establish lack of prejudice. If petitioner

---

[1] The Court would like to thank Hailee Stangeby and Zach Hoffman for their assistance in this matter.

**154277/2024   WILLIAMS, ETTA vs. THE NEW YORK CITY HOUSING AUTHORITY**                **Page 1 of 4**
Motion No.  001

1 of 4

satisfies its burden, the burden then shifts to the respondent to show that they are substantially prejudiced by the late service. (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016]).

Additionally, it is well settled that courts consider "whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame." (see *GML § 50-e [5]*).   The presence or absence of any one factor is not determinative. (*Velazquez v City of N.Y. Health and Hosps. Corp. [Jacobi Med. Ctr.]*, 69 AD3d 441, 442 [1st Dept 2010], quoting *Dubowy v City of New York*, 305 AD2d 320, 321 [1st Dept 2003].) Specifically, the failure to assert a reasonable excuse, alone, is not fatal to the application. *Velazquez v City of N.Y. Health and Hosps. Corp. [Jacobi Med. Ctr.]*, citing (*Ansong v City of NY*, 308 AD2d 333 [1st Dept 2003].)

In the context of GML § 50-e, "actual knowledge" means that the respondent acquired knowledge of the essential facts forming the basis of the claim, not simply knowledge of the occurrence of an accident. *Kim v City of New York*, 256 AD2d 83 [1st Dept 1998], app. Denied, 93 NY29 896 [1999]. Petitioner has the burden of establishing this element. *Washington v City of New York*, 72 NY2d 881 [1988].

Discussion

Petitioner offers a reasonable excuse for the cause of the delay in this action. In this instance, the reason for delay is law office failure, specifically a miscommunication between a private investigator and the law office, consequently leading to the delay in the timely filing of the claim. Once this Petitioner was made aware of the mistake on April 9, 2024, a notice of claim was immediately served on respondent

**154277/2024   WILLIAMS, ETTA vs. THE NEW YORK CITY HOUSING AUTHORITY**
**Motion No.  001**

**Page 2 of 4**

2 of 4

The Court also finds that the respondent received notice of the essential facts of the claim a reasonable time after the 90-day period. Here, the notice of claim was filed less than 90 days following the end of the 90-day period set out by statute. At the time of the notice being given, the respondent was provided the time, date, and location of the incident, as well as a photograph showing the alleged defect.

Finally, the petitioner has shown the respondent was not prejudiced. The condition in question was allegedly a long-standing condition, and the respondent could have investigated the condition immediately upon receiving the notice of claim. While it is possible that the condition could have changed in the time period from the end of the statutory period to the filing of the notice of claim, that is an issue for discovery and trial and should not be the basis of denying this petition, where the factors to this Court otherwise weigh heavily in favor of petitioner. Moreover, the respondent failed to answer the lack of prejudice shown by the petitioner with by demonstrating substantial prejudice, other than conclusory statements.

Accordingly, it is hereby

ADJUDGED that the petition for leave to serve a late notice of claim is granted, and the notice of claim previously filed by petitioner is deemed timely served *nunc pro tunc*; and it is further

ORDERED that petitioner shall commence an action and purchase a new index number in the event a lawsuit arising from this notice of claim is filed.

**154277/2024   WILLIAMS, ETTA vs. THE NEW YORK CITY HOUSING AUTHORITY**
**Motion No.  001**

**Page 3 of 4**

3 of 4

20240830130427LFRANKDBCF472C9A754D9292D8AB7C67145BFF

__8/30/2024__
__DATE__

__LYLE E. FRANK, J.S.C.__

CHECK ONE: [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

[X] GRANTED    [ ] DENIED    [ ] GRANTED IN PART    [ ] OTHER

APPLICATION: [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

**154277/2024   WILLIAMS, ETTA vs. THE NEW YORK CITY HOUSING AUTHORITY**
**Motion No.  001**

Page 4 of 4