Matter of JJCRR v New York City Hous. Auth. (2024 NY Slip Op 06276)

Matter of JJCRR v New York City Hous. Auth.

2024 NY Slip Op 06276

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Index No. 160270/22 Appeal No. 3248 Case No. 2023-03643 

[*1]In the Matter of JJCRR etc., et al., Plaintiffs-Respondents,
v
New York City Housing Authority, Defendant-Appellant.

Herzfeld & Rubin, P.C., New York (Miriam Skolnik of counsel), for appellant.
Rheingold Giuffra Ruffo & Plotkin LLP, New York (Jeremy A. Hellman of counsel), for respondents.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about May 22, 2023, which granted plaintiffs' motion for leave to serve a late notice of claim and deemed the November 2022 notice of claim served on defendant New York City Housing Authority (NYCHA) timely served nunc pro tunc, unanimously affirmed, without costs.
Plaintiffs allege that they were tenants of an apartment in a NYCHA-owned building beginning in April 2020 and that on or about January 19, 2022, the infant plaintiff was found to have an elevated lead level. In February 2022, the City's Department of Health and Mental Hygiene (DOH) inspected the apartment, and on or about March 24, 2022, issued an abatement order directing NYCHA to remove, correct, or otherwise abate the lead paint condition in plaintiffs' apartment within five days. The abatement order annexed a report detailing nine violations.
NYCHA does not deny knowledge of the inspection of the apartment and receipt of the DOH abatement order, which provided it with actual knowledge of the essential facts underlying the tenants' claims within 90 days or a reasonable time after the claim arose (see Abbot v City of New York, 271 AD2d 364, 364 [1st Dept 2000]). Plaintiffs' evidence showing that NYCHA received actual knowledge of the facts constituting the claim within two months after the infant plaintiff's diagnosis also provides a "plausible argument" that NYCHA will not be substantially prejudiced in investigating and defending the claim, as it had the opportunity to conduct a full investigation when it received the March 24, 2022 abatement order (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016]). The burden therefore shifted to NYCHA to make "a particularized evidentiary showing" that it "will be substantially prejudiced if the late notice is allowed" (Matter of Townson v New York City Health & Hosps. Corp., 158 AD3d 401, 405 [1st Dept 2018] [internal quotation marks omitted]). NYCHA's conclusory assertions of prejudice, based solely on the delay in serving the notice of claim, are insufficient to sustain that burden (see Thomas v New York City Hous. Auth., 132 AD3d 432, 433-434 [1st Dept 2015]).
Plaintiffs' excuse for the six-month delay in serving the notice of claim, based on plaintiff Alfida M. Cordero's delay in retaining counsel and obtaining the infant's lab results, is not particularly compelling (see Colarossi v City of New York, 118 AD3d 612, 612 [1st Dept 2014]). However, the absence of a reasonable excuse, standing alone, is not fatal in light of all the circumstances, including the lack of prejudice and the relative brevity of the delay (see Clarke v New York City Tr. Auth., 222 AD3d 552, 553 [1st Dept 2023]), and the infant plaintiff should not be penalized for delays caused by his mother (see Matter of McMillan v City of New York, 279 AD2d 280, 280 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: December 12, 2024