**Pecola v New York City Hous. Auth.**

2025 NY Slip Op 31101(U)

April 3, 2025

Supreme Court, New York County

Docket Number: Index No. 161233/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**                                         PART                    11M

*Justice*

-----------------------------------------------------------------------------X

BARBARA PECOLA

                               Petitioner,

                     - v -

NEW YORK CITY HOUSING AUTHORITY,

                          Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161233/2024 |
| MOTION DATE | 11/15/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for                        LEAVE TO FILE                        .

Petitioner moves this court pursuant to General Municipal Law (GML) § 50-(e) seeking leave to file a late notice of claim for injuries allegedly sustained as a result of a slip and fall on April 14, 2024. Respondents oppose the instant petition.

Preliminarily, it should be noted that the instant petition that was filed on November 15, 2024, was an unverified petition.  However, even considering the affidavit submitted in reply, that respondent did not object to, and based on the reasons set forth below the petition is denied.

*Legal Standard*

It is well settled law that granting a petition to file a late notice of claim is discretionary. GML § 50-e (5), which pertains specifically to an application to file a late notice of claim, states in pertinent part that,

> "[u]pon application, the court, in its discretion, may extend the time to serve a notice of claim… [and] the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time period specified… or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including, …whether the delay in

**161233/2024 Motion No. 001**                                                                 **Page 1 of 4**

[* 1]

serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits."

The burden rests on petitioner to establish lack of prejudice. If petitioner satisfies its burden, the burden then shifts to the respondent to show that they are substantially prejudiced by the late service. (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016])

Additionally, it is well settled that courts consider "whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame." (see GML § 50-e [5]). The presence or absence of any one factor is not determinative. (*Velazquez v City of N.Y. Health and Hosps. Corp. [Jacobi Med. Ctr.]*, 69 AD3d 441, 442 [1st Dept 2010], quoting *Dubowy v City of New York*, 305 AD2d 320, 321 [1st Dept 2003]). Specifically, the failure to assert a reasonable excuse, alone, is not fatal to the application. *Velazquez v City of N.Y. Health and Hosps. Corp. [Jacobi Med. Ctr.]*, citing (*Ansong v City of NY*, 308 AD2d 333 [1st Dept 2003]).

In the context of GML § 50-e, "actual knowledge" means that the respondent acquired knowledge of the essential facts forming the basis of the claim, not simply knowledge of the occurrence of an accident. *Kim v City of New York*, 256 AD2d 83 [1st Dept 1998], app. Denied, 93 NY29 896 [1999]. Petitioner has the burden of establishing this element. *Washington v City of New York*, 72 NY2d 881 [1988].

*Discussion*

The proposed notice of claim alleges that petitioner was caused to slip/trip and fall on metal plates that were placed in a walkway of the housing development, specifically the Wagner Houses.

Respondent contends that the application should be denied because petitioner has failed to proffer a reasonable excuse for the delay, the  proposed notice of claim lacks specificity with respect to the location of the accident, and there has been no showing that they were on notice within a reasonable time after the accident and will not suffer prejudice as a result of the delay.

Petitioner's contention that respondent will not be prejudiced is that courts may grant an application up to a year and ninety days of accrual.  Petitioner does not offer any factual arguments regarding respondent's alleged lack of prejudice.  Consequently, petitioner has failed to satisfy its burden in this respect.

As to the reasonable excuse for the delay in filing, counsel for petitioner avers that petitioner was confused about the date of her fall and was "not reachable to confirm the date or verify the notice of claim" until the statutory 90-day period expired.  This argument is equally unpersuasive.  Respondent argues, and the Court agrees, that to the extent petitioner attempts to rely on a medical reason for failing to comply with the deadline, there must be competent medical evidence to support that allegation, (see *Umeh v NY City Health & Hosps. Corp.*, 205 AD3d 599 [1st Dept 2022]).  Moreover, the petitioner's affidavit does not provide a nexus between her stay at a rehabilitation center and the failure to timely file a notice of claim.  The petitioner provides no information at all as to why there was no filing of the instant notice of claim from the time counsel was made aware of the claim in July to this petition filed in November.

Additionally, the Court finds the notice of claim does not sufficiently describe the location of the accident, so that respondent would have been able to investigate.  Although, the proposed notice of claim, NYSCEF Doc. 2, cites to alleged attached photographs that were not filed, petitioner did file the photographs, over two months after the filing of the instant

[* 3]

application.  Consequently, the Court finds that petitioner has failed to meet its burden, and it is

hereby

       ADJUDGED that the petition is denied.

20250404095052LFRANKF6B6175CB6214E05AF70B39C5825A0D9

| __4/3/2025__ | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LYLE E. FRANK, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]